## WILLIAMS *v.* PRICE.

A legatee who has been represented by counsel at the allowance of accounts against the estate will not be allowed, after a lapse of time, to come in and have the allowance set aside on a mere general averment of newly discovered evidence.

In such a case, it is not sufficient to allege ignorance at the time of allowance, but the plaintiff must go farther, and show that he could not, with the use of due diligence, unmixed with any negligence on his part, have made himself acquainted with, or ascertained the existence of the facts.

A general averment of such diligence will not do. The bill should state how and why the facts could not have been discovered at the time.

APPEAL from the Probate Court of the County of Sacramento.

Price and Williams were physicians and partners, and as such, joint contractors for the keeping and conducting of the Sacramento County Hospital. Williams died in 1855, leaving a will, by which one Stanley was appointed his executor. Stanley qualified and acted as such. W. G. Williams was made the sole legatee of the testator. Upon a settlement of the accounts of Price and Williams, made by the executor and Price, a balance of over $2,000 was found due to Price, and this sum was allowed by the executor as a claim against the testator's estate. This allowance was approved by the Probate Court; and on the final settlement of the estate in December, 1857, a decree was entered, among other things directing the payment of this balance by the executor. It seems that the attorneys of the legatee were present at this decree and settlement, and no objection was then interposed by them. Some three or four months afterward, the legatee, Williams, filed his petition in the Probate Court to set aside the decree of final settlement, so far as concerns this allowance to Price. The grounds were that the legatee was not personally present at the settlement; that certain Hospital furniture had been converted by Price, and not allowed for; that Price had failed to give the deceased the full benefit of the Hospital contract; that the deceased was entitled to a certain credit not given; that an item of $1,600 included in the settlement was presented to the executor more than ten months after the publication of notice of letters, etc., and several other objections of like kind. The petitition also alleges that the petitioner's knowledge

of all these facts was obtained after the final settlement of the estate was made. A demurrer was filed to this petition and overruled, and the defendant appealed to this Court.

*Smith & Hardy* for Appellant.

1. The Probate Court erred in overruling the demurrer to the petition of the legatee.

2. The Probate Court erred in making the order of the fourth of June, 1858.

*Latham & Sunderland* for Respondent.

BALDWIN, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., concurring.

It is not necessary to consider many of the questions made at the bar. The petition itself shows no grounds for the relief asked. The accounts having been settled by the executor and Price, with the approbation of the Court, and a final decree had, the accounts could not be reopened upon the showing made by the petition. The legatee having been notified, and appearing by his counsel, must be held concluded by the settlement and decree, even if he would not otherwise have been bound by the judgment; and this before the Probate Court as well as any other, and on the concession that the Probate Court, after this final decree and settlement, had jurisdiction of the subject. It would not be sufficient in an ordinary case of a bill for a new trial, to aver that the party thus represented was ignorant at the time of the trial (or settlement) of the facts. The bill must go further, and show that he could not with the use of due diligence, unmixed with any negligence on his part, have made himself acquainted with, or ascertained the existence of the facts. It is never tolerated to a party that he may go on and take his chances of a trial, and after it has gone against him, move to set it aside on grounds which he might have availed himself of by the exercise of a proper degree of diligence. Litigation would be endless if this were so, and a party encouraged in supineness and negligence.

It is true, the petition states that petitioner could not with any dili-

gence have discovered the facts on which he relies ; but this general averment will not do. The petition should state how and why the facts could not be discovered. Besides, this allegation is denied by the answer, and no proof made of it. It is not perceived why the attorneys of the legatee could not have ascertained all the facts, which do not seem difficult of ascertainment, even if the absence of the petitioner himself from the State prevented him from personally prosecuting the necessary inquiries. This view renders it unnecessary to examine the case npon the merits, though upon the proofs, we think the same result would follow.

The judgment of the Probate Court is reversed, and the petition dismissed.