[No. 3,473.]

## KINGSLEY ET AL. v. MILLER.

WHEN SETTLEMENT OF ACCOUNT IN PROBATE COURT IS A BAR. — The presentation of an account of the affairs of a partnership and of a claim against the estate, by the surviving partner of a deceased person, made to the administrator, and an allowance of the same, and a final settlement of the administrator's account by the Probate Court, are a bar to an action afterwards brought against the surviving partner to settle the copartnership affairs, under the claim that the account rendered was fraudulent.

APPEAL from the District Court of the Second Judicial District, County of Lassen.

The complaint alleges that the plaintiffs are heirs of Rufus Kingsley, deceased; that Kingsley and the defendant were equal partners in business; that the wife of Kingsley was appointed administratrix of the estate; that the defendant filed a statement in the Probate Court showing the amount of moneys received and paid out on account of the deceased partner; that the administratrix allowed the charges against the estate; that thereafter the final account of the administratrix was allowed by the Court and the administration of the estate was closed; that subsequently the plaintiffs ascertained that the defendant had made fraudulent charges against the estate and that he had retained property belonging to the estate; that all the debts of the copartnership had been paid, and that "the wrongs and frauds complained of were only in part known at the time of the filing of said accounts in said Probate Court." The plaintiffs ask that the defendant be required to make a full discovery and set-

tlement of the business of the copartnership, and demand judgment for the moneys due the estate. The defendant demurred to the complaint, the demurrer was sustained, and the plaintiffs appealed.

*Spencer*, for Appellant, argued that the debts of the estate having been satisfied, the remainder of the estate is the property of the heirs entirely free, and may be sought by any action or process known to the law in the names of the real parties in interest.

*Blair & Chapman*, for Respondent.

The allowance of the charges of the surviving partner against the estate by the administratrix, and the settlement of her account thereafter by the Probate Court, is conclusive as against her. (7 Cal. 239; 14 Cal. 130.) And it not being shown that the heirs had no notice of the settlement of the account, but on the contrary, it being impliedly shown that they had notice, the heirs are also concluded by the settlement of the final account. (Probate Act, Secs. 235, 237; 11 Cal. 212.)

By the COURT:

The judgment must be affirmed. The facts alleged in the complaint are insufficient to avoid the bar arising upon the settlement (between the administratrix and the defendant as surviving partner) appearing to have been had in the Probate Court. (*Williams* v. *Price*, 11 Cal. 212.)

Judgment affirmed.