[S. F. No. 2723. Department Two.—February 3, 1904.]

JOHN WORTHINGTON, Respondent, v. A. H. BREED, Auditor of City of Oakland, and C. T. GILPIN, City Treasurer, Appellants.

CONTRACT WITH CITY—ALLOWED CLAIM FOR PUBLIC WORK—MANDAMUS TO AUDITOR AND TREASURER—INSUFFICIENT ANSWER—VIOLATION OF EIGHT-HOUR LAW.—Where a petition for a writ of mandate is filed against the auditor and treasurer of a city to compel the drawing of a warrant by the auditor upon the treasurer for a claim for

services in replanking the city wharves, in pursuance of a contract with the city, which claim was duly approved and allowed by the city board of public works against the general fund of the city, an answer of the defendant alleging that the petitioner incurred a specified amount as penalties for violation of the eight-hour law of March 20, 1899, in permitting mechanics and laborers to work more than eight hours per day, but not alleging nor attempting to show that the contract contained any stipulation as to the hours of work required, nor as to the penalties referred to in the act, nor that any inspector or officer had reported any violation of the act, or of any stipulation in the contract, or the amount of any penalties stipulated in any contract, is insufficient; and a demurrer thereto was properly sustained, and judgment properly ordered for the writ of mandate as prayed for.

ID.—DUTY OF AUDITOR.—The city auditor has no duty to pay moneys due under the contract, and has no authority to refuse to draw his warrant for the amount allowed by the board of public works. His duties are ministerial and he must not anticipate the violation of the law by any one else.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion.

W. A. Dow, and C. L. Dam, for Appellants.

Fred L. Button, for Respondent.

COOPER, C.—Plaintiff filed his verified petition for a writ of mandate, alleging that he had performed services in replanking the city wharves of the city of Oakland in pursuance of a contract duly made by the city authorities, by the terms of which he was to receive the sum of $3,799.99 for the said work. His claim was duly approved, and a resolution was adopted by the board of public works of said city, allowing the amount against the general fund of the city. Defendant Breed refused to draw a warrant upon the defendant treasurer for the amount.

Defendants filed their answer to the petition, the court sustained plaintiff's demurrer to the answer, and judgment was ordered in favor of plaintiff as prayed.

This appeal is from the judgment, and presents the sole question as to the court's ruling on the demurrer.

The answer attempted to allege that the petitioner permitted eleven laborers and mechanics to work upon the said repairs more than eight hours per day for several days, and thus incurred penalties amounting to $3,520, under an act limiting the hours of daily service of laborers, mechanics, and others upon public works of the state or any political subdivision thereof, approved March 20, 1899. (Stats. 1899, p. 149.)

The said act by its terms makes it unlawful for any contractor performing public work of any kind "to require or permit them [laborers] to labor more than eight hours in any one calendar day," with certain exceptions.

It is provided in section 2 of the act that all contracts of the character named "shall contain a stipulation that no laborer, workman, or mechanic in the employ of the contractor or any subcontractor . . . shall be required or permitted to work more than eight hours in any one calendar day, . . . and each and every such contract shall stipulate a penalty for each violation of the stipulation directed by the act of ten dollars for each laborer, workman, or mechanic, for each and every calendar day in which he shall labor more than eight hours; and the inspector or other officer or person whose duty it shall be to see that the provisions of any such contract are complied with, shall report to the proper officer of such state or political subdivision thereof, all violations of the stipulation in this act provided for, in each and every such contract, and the amount of the penalties stipulated in any such contract shall be withheld by the officer or *person whose duty it shall be* to pay the moneys due under such contract."

The answer does not show, nor attempt to show, that the contract in this case contained any stipulation whatever as to the time laborers or mechanics should be required to work nor as to the penalties referred to in the act. It does not show nor attempt to show that any inspector or officer reported any violation of the act or of any stipulation in the contract, or of the amount of any penalties stipulated in any contract.

It is evident that the "amount of the penalties stipulated in the contract" is all that can be withheld. The answer must therefore have shown that there were penalties stipulated in the contract, in order to authorize any one to withhold any amount of the contract price. In such case the penalties can only be withheld by the officer or person whose duty it is to

pay the moneys due under the contract. It is no part of the duty of the auditor to pay the moneys due under the contract; neither has he any authority to refuse to draw his warrant. His duties are ministerial, and he must not anticipate the violation of the law by any one else. It is sufficient for him to do his duty under the statute and not assume other responsibilities.

In what has been said we do not intimate any opinion as to the constitutionality of the act, as it is not necessary. It is sufficient to say that, conceding the act to be valid, the defendants have not shown their right to withhold any amount due plaintiff under its provisions.

We advise that the judgment be affirmed. ·

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Henshaw, J., McFarland, J., Lorigan, J.