[Sac. No. 1286.  Department One.—February 4, 1905.]

In the Matter of the Estate of J. D. McDOUGALD, Deceased. LOUISE E. BOGGS, Executrix of Will of John Boggs, Deceased, Appellant, v. CARRIE B. McDOUGALD, Administratrix of J. D. McDougald, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—NOTE AND MORTGAGE—PURCHASE BY ADMINISTRATRIX INDIVIDUALLY — ASSIGNMENT — SUFFICIENCY OF PRESENTATION.—Where the widow of the deceased, who was administratrix, purchased with her own funds a note secured by mortgage on all the real property of the deceased to preserve it from foreclosure, and took an assignment of the mortgage, the presentation by her of a secured claim against the estate is not based upon the assignment, but upon the note and mortgage; and where a copy of the note accompanied the claim with a statement that it was secured by mortgage upon the real property of the deceased described in the inventory on file, and giving the date of its execution and acknowledgment, with the volume and page of its record, and referring to the inventory and record for further particulars, the presentation was sufficient to identify the mortgage and justify the allowance of the secured claim, though no copy of the assignment was set out therein.

ID.—SUFFICIENCY OF ALLOWANCE.—Where the claim as presented was allowed in full, the words "approved and allowed" indorsed thereon, without any limitation or reservation, must be taken as referring to the claim as presented, which purported on its face to be a secured claim, and the claim must be deemed to have been allowed as a secured claim.

ID.—ESTOPPEL OF CREDITORS—SETTLEMENT OF ACCOUNT.—The creditors who had a right to object and did not object to the settlement of the secured claim allowed in the first settled account of the administratrix are concluded thereby, and cannot object to its validity as a secured claim in the settlement of her final account.

ID.—DESCRIPTION OF CLAIM IN SETTLED ACCOUNT—INCIDENTS OF ALLOWED CLAIM—ADJUDICATION OF RANK.—The fact that the description of the allowed claim in the first settled account did not refer to the mortgage security or the date of the purchase after the qualification of the administratrix is immaterial, where the description sufficiently identified the claim on file which showed the full particulars of the mortgage lien, and of the property mortgaged, and the date of its assignment. The settlement of the account was an adjudication of the validity of the claim identified, including all incidents thereto shown in the statement of the claim on file as presented and allowed, necessary to establish its rank or class, which need not be contained or shown in the account.

APPEAL from an order of the Superior Court of San Joaquin County settling the final account of an administratrix. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Louttit & Louttit, and Buck & Middlecoff, for Appellant.

Budd & Thompson, for Respondent.

SHAW, J.—This is an appeal by Louise E. Boggs, as executrix of a creditor of deceased, from that part of the order settling the final account of Carrie B. McDougald, as administratrix of the estate, declaring that said administratrix holds a valid claim against the estate, secured by mortgage, and is entitled to a contingent dividend out of the moneys on hand, upon the excess of the claim over the value of the mortgaged property.

The deceased died on November 17, 1898, and his widow, Carrie B. McDougald, was appointed and qualified as administratrix of his estate on December 10, 1898. The real estate was appraised at twenty-four thousand dollars. It was mortgaged to R. B. Parker upon a mortgage executed in 1890 to secure a note of twenty-two thousand dollars, due five years after date, upon which the principal and a considerable amount of interest remained unpaid at his death. When Mrs. McDougald qualified as administratrix the mortgage debt was about to become outlawed, and the holder of the mortgage threatened a foreclosure suit. There was no money belonging to the estate, and no means apparent from which money could be obtained. In order to prevent a foreclosure and save the property to the estate she purchased and obtained an assignment of the mortgage, and of the debt thereby secured, paying the price out of her own moneys. It is not claimed that she obtained any discount. At that time the debt had not been presented or allowed as a claim against the estate. After the assignment to her she presented it as a secured claim, and it was allowed by the judge of the superior court by indorsing thereon and signing the following statement: "Allowed and approved the 14th day of March, 1899, for $23,652.30 and interest." Thereafter she presented for settlement her first

account current as administratrix of the estate, including therein a "list of claims presented and allowed" in which her claim was described as follows: "Claimant Carrie B. Mc-Dougald; amount $23,652.30 and int., date of allowance March 14, 1899." After due notice and hearing the court made an order allowing, approving, and settling this account as rendered.

It is objected that this claim was never properly presented because a copy of the assignment to Carrie B. McDougald is not set out therein. Section 1497 of the Code of Civil Procedure provides that if a claim is founded on a "bond, bill, note, or any other instrument," a copy of the instrument must accompany the claim. A copy of the note given by the deceased and secured by the mortgage was attached to the claim. This is all that was necessary to comply with the above provision of the code. The claim was not founded on the assignment, but on the debt of the deceased as evidenced by the note.

The same section provides that if a claim is secured by a recorded mortgage, "it shall be sufficient to describe the mortgage or lien, and refer to the date, volume, and page of its record." The objection is made that this claim did not properly describe the mortgage, but we think it is untenable. It was stated in the claim that the note was secured by a mortgage upon the real property of the deceased, described in the inventory on file, to which reference was made for further particulars. The date of its execution and acknowledgment was given in the claim, with the volume and page of the record where it was recorded, to which reference was also made. The mortgage covered all the real property belonging to the deceased at the time of his death, and included all the real property described in the inventory. We think this was a sufficient description of the mortgage to comply with the statute. There could be no mistake as to the particular mortgage intended to be relied upon, and the only purpose of the required description is to identify the mortgage.

It is also claimed that the allowance, in the form in which it was made, was equivalent to a rejection of the claim as a secured claim. The language of the indorsement does not properly bear this construction. It was allowed for the full amount stated on the face of the claim, and therefore there

CXLVI. Cal.—13

can be no implication that there was a rejection of any part of the claim as to the amount. The allowance did not contain any limitation or reservation whatever. The words "allowed and approved" must be taken to refer to the claim on which they were indorsed, and, as it purported on its face to be a secured claim, it must be deemed to have been allowed as a secured claim.

The principal objection to the claim is, that it was purchased by the administratrix after her appointment and qualification —that this was a violation of section 1617 of the Code of Civil Procedure, declaring that "No administrator or executor shall purchase any claim against the estate he represents," and that a sound public policy demands that she shall not be allowed to enforce the claim thus procured. It is probable that the court has some discretion with regard to questions of public policy, and there is a serious question whether such policy should be enforced with respect to a purchase of the character here presented. Its effect was to preserve to the estate for the time being the only property it possessed, with the result that the estate received the rentals which constitute the fund over which the present contest is waged. If she had not purchased the mortgage debt, but had allowed the prior holder to foreclose the mortgage, there would be no money on hand over which to maintain the contest. It does not seem just to allow the general creditors to dispute the lawfulness of a purchase which procured for them the fund in which they claim to participate, and which, if the purchase had not been made, would never have existed. But we do not find it necessary to decide this question, for we are of the opinion that the general creditors are concluded by the allowance of the claim and the subsequent order of the court settling the first account. Within thirty days after the expiration of the time for presenting claims, every executor or administrator must render a full account and report of his administration, and every account must exhibit all debts which have been presented and allowed during the period embraced in the account. (Code Civ. Proc., sec. 1628.) When an account is presented for settlement after due notice, as in this case, any creditor or person interested may contest the same, and may object to any item of charge or credit, or to any claim allowed and not passed upon on the settlement of

any previous account, and may thereupon have his objection settled and determined. (Code Civ. Proc., secs. 1635, 1636.) The settlement of an account and the allowance thereof by the court is conclusive against all persons in any way interested in the estate. (Code Civ. Proc., sec. 1637.) One whose claim has been rejected and who is prosecuting a suit upon it against the estate, is a person interested, who may make such a contest, and who is concluded by the settlement of a previous account. The first account of the administratrix set forth her claim as one of the allowed claims against the estate. This was sufficient to notify all persons interested that the validity of this claim would be determined and established by the settlement of the account as rendered. No objection or contest was made; the account was settled, allowed, and approved as rendered, and thereupon this claim, with the others mentioned in the list, passed into the class of claims "passed upon on the settlement of a former account" (sec. 1636), was conclusively established against all persons in any way interested, and its validity was not thereafter subject to attack upon the hearing of any subsequent account. A judgment or order of a court having jurisdiction is conclusive of all matters involved which might have been disputed at the hearing, although no objection was in fact made. This rule applies to the settling of accounts the same as to any other proceeding. (*Estate of Grant*, 131 Cal. 426; *Estate of Bell*, 142 Cal. 102.) There is nothing in the point that the description of the claim, as set forth in the account, did not refer to the mortgaged security, nor disclose on its face the fact that the claim had been purchased by the administratrix after her appointment and qualification. The statement in the list of claims set forth in the account described the claim with such certainty that there could be no mistake concerning its identity. The claim itself was on file at the time, and it stated all the particulars as to the mortgage lien, the property covered thereby, and the precise date of the assignment. Any one interested could therefore easily obtain all necessary information upon these points from the papers on file. The statement in the account was sufficient to point out the particular claim of the administratrix as one of the allowed claims. This is all that was necessary. It is not the purpose of the law regulating the administering of estates to require, in the

statement of matters contained in an account, as much nicety
or precision or as great detail as is required in pleadings in
civil actions. The settlement of the account is to be considered
as an adjudication of the validity of all claims exhibited there-
in with sufficient certainty to identify them with accuracy,
including all the incidents thereto, shown in the statement of
the claim as filed, which are necessary to establish their rank.
It is not necessary that the statement of claims contained in
the account should aver that the claim belonged to any par-
ticular class, or that it should state the facts which show the
class to which it belonged. Its class is to be determined from
the nature of the claim as presented and allowed.

We find no error in the record of which the appellant can
complain. Carrie B. McDougald has taken appeals from the
same order, both in her representative capacity and as a
creditor. (See *post*, p. 198.) The decision of the present
appeal will be without prejudice to the appeals taken by Mrs.
McDougald.

The parts of the order appealed from by Louise E. Boggs,
executrix, are affirmed, so far as her appeal is concerned.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.