[Civ. No. 523.   First Appellate District.—December 10, 1908.]

SCOTT STAMP AND COIN COMPANY, LIMITED, a Corporation, Appellant, v. W. S. LEAKE, Administrator with the Will Annexed of JOSEPHINE DUNSMUIR, Deceased, Respondent.

Estates of Deceased Persons—Action upon Claim—Avoidance of Statute of Limitations—Absence from State—Cause of Action Unchanged.—When decedent bought goods from plaintiff at New York, and after six months' absence from the state died one year and twenty-three days from the purchase, without payment, and her executrix received a verified claim for the amount due one month later, and thirteen days before issuance of letters testamentary, and retained the same one year and twenty-eight

days thereafter, and then rejected the claim, as barred in two years from the purchase, an averment in the complaint filed three months after such rejection, setting up the six months' absence from the state, to take the case out of the statute of limitations, did not show a change of the cause of action on the rejected claim; and the court erred in applying the rule that because the facts pleaded were not set forth in the claim, the plaintiff cannot recover upon any cause of action not stated therein, and in giving judgment for the estate.

ID.—CLAIM PRESENTED IDENTICAL WITH CLAIM SUED UPON—ACTION COMMENCED IN TIME.—The claim presented and rejected is identical with the claim sued upon; and the plaintiff had the right to show that his action, apparently not commenced in time, was in fact commenced within the time allowed by statute, after the cause of action arose in decedent's lifetime.

ID.—VERIFIED CLAIM PRESENTED IN TIME—INFORMATION TO EXECUTOR—ESTOPPEL—TAKING ADVANTAGE OF DELAY.—Under the circumstances of the case, the duly verified claim presented in time afforded sufficient information to the executor to enable him to act upon the same advisedly; and the claim being then, on its face, a year within the limitation of the statute, and the statute in fact not having run when the claim was acted upon more than one year later, it would be contrary to the plainest principles of justice, and to allow the executor to take advantage of his own delay, and attaching too much importance to the face of the claim, to hold that the plaintiff cannot maintain this action because the claim did not then sufficiently apprise him of the statute of limitations.

ID.—RETENTION OF CLAIM PREMATURELY PRESENTED.—The fact that the claim was received by the executor thirteen days before his appointment cannot be seriously considered, when it was retained by him more than one year after his appointment, when it was rejected.

ID.—VERIFICATION OF CLAIMS BY CORPORATION—CONSTRUCTION OF CODE. It appearing that the only way that a corporation can act in verifying a claim is by the affidavit of one of its officers, the statement of his office in the affidavit is sufficient; and section 1494 of the Code of Civil Procedure requiring an affidavit to a claim made by a person other than the claimant to set forth the reason therefor does not apply.

ID.—IMMATERIAL OMISSION OF DOLLAR-MARK—AMOUNT OF DEMAND SHOWN.—The fact that the figures in the body of the claim omit the dollar-mark is not material, when the amount demanded is stated in the affidavit in dollars and cents.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Henry, A. Melvin, Judge.

The facts are stated in the opinion of the court.

Jellett & Meyerstein, for Appellant.

C. H. Oatman, for Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from the judgment and from the order denying its motion for a new trial.

The facts are undisputed and are briefly as follows: On May 10, 1900, at New York, Mrs. Joseph Dunsmuir bought from the plaintiff merchandise at agreed prices amounting to $1,482.33. June 2, 1901, she died without having paid for it. She left a will which was admitted to probate, and letters testamentary were issued thereon on July 15, 1901. Before then, on June 27th, the claim of plaintiff was prepared and sworn to at New York and sent out to San Francisco, where it came into the hands of the executor on July 2, 1901, who, on July 30, 1902, rejected it. This suit was commenced against the executor to establish the claim on October 9, 1902, within three months after its rejection, but more than two years after the original cause of action accrued, and more than one year after the issuance of letters testamentary. The executor afterward resigned, and W. S. Leake was appointed administrator with the will annexed, and was substituted as defendant in his stead.

The goods having been sold and delivered May 10, 1900, an action therefor, to avoid the statute of limitations, would have had to be brought, if Mrs. Dunsmuir had lived, on or before May 10, 1902 (Code Civ. Proc., sec. 339). But as she died, and as letters testamentary were issued on her estate July 15, 1901, the time to commence an action on this demand was extended to and including July 15, 1902 (Code Civ. Proc., sec. 353). After this date, and on October 7, 1902, this action was begun, and it is therefore barred unless there are saving features taking it out of the operation of said statute.

The court found that Mrs. Dunsmuir was out of the state of California for a period of six months between the date of the sale of the goods and the date of her death, and this fact is relied upon to extend the time until after this action was commenced, to wit, until November 10, 1902. The court also found that the claim as presented contained no reference

9 Cal. App.—33

whatever to Mrs. Dunsmuir's absence from the state, and therefore, upon its face, it was barred July 30, 1902, when the executor acted upon it.

Upon these facts, and under section 1499, Code of Civil Procedure, the respondent asserts that there was nothing for the executor to do but reject the claim; that, in other words, in presenting a claim against an estate, facts relied upon to prevent the bar of the statute must be set forth or referred to in the claim itself. To sustain this position he cites a number of cases, in each of which the familiar rule is laid down that when an action is commenced upon a rejected claim it is limited to the claim presented. Or, to state the principle substantially in the language employed by the supreme court, in an action upon a rejected claim against the executors of an estate of a deceased person, the plaintiff can only recover upon the claim presented and rejected, and is not entitled to recover against the executors for any other cause of action. (*Lichtenberg* v. *McGlynn,* 105 Cal. 45, [38 Pac. 541].)

In *McGrath* v. *Carroll,* 110 Cal. 79, [42 Pac. 466], the claim presented was a simple demand for money lent, containing no suggestion regarding a trust, and the debts set out were all barred. The executors, as was their plain duty under section 1499, Code of Civil Procedure, rejected the claim. In an action brought upon it the complaint, for the purpose of avoiding the statute of limitations, stated the facts in such a way as to constitute a trust. The court held that the action was founded upon a claim which had not been presented, and could not therefore be maintained.

In *Etchas* v. *Orena,* 127 Cal. 588, [60 Pac. 45], the claim presented was simply for services by the month, and upon its face part of it was barred by limitation. In order to prevent the operation of the statute as to that part it was alleged in the complaint that the services were rendered in pursuance of a promise of the decedent to pay therefor by making a provision in her will. The claim presented and rejected was of a different nature from the one sued upon; and it was held that the claim presented to the executor was the foundation of the plaintiff's cause of action, and that she could not come into court and allege and prove any other or different cause of action.

In both of those cases, to extend the period of limitation, new facts were alleged which changed the nature of the causes of action, and it was therefore held that the actions could not be maintained. In the present case the claim presented

and passed upon is precisely the one upon which action is brought. The circumstances of Mrs. Dunsmuir's absence from the state for six months, alleged for the first time in the complaint in order to show that the statute had not run against the claim, did not change the cause of action arising upon the claim. The case of *Barclay* v. *Blackinton,* 127 Cal. 189, [58 Pac. 834], is like the present one in some of its features, but in an essential respect it is different. There the personal representative of the estate received a claim well within time, kept it until the statute had operated, and then rejected it, so that the claim was in fact barred when suit was brought. Here, on the contrary, the statute had not run against the claim at the time of the institution of the suit, although upon its face it appeared to have done so.

This brings us to the question of whether the claim presented afforded the executor (as it should) sufficient information to enable him to act upon it advisedly. (*McGrath* v. *Carroll,* 110 Cal. 79, [42 Pac. 466] ; *Etchas* v. *Orena,* 127 Cal. 588, [60 Pac. 45] ; *Thompson* v. *Orena,* 134 Cal. 26, [66 Pac. 24] ; *Landis* v. *Woodman,* 126 Cal. 454, [58 Pac. 857] ; 18 Cyc. 480.) Under the circumstances of this case we think that it did. The claim itself was in the usual form, showing the nature of the claim and the amount due. Accompanying it was an affidavit complying substantially with the terms of section 1494, Code of Civil Procedure, in that it averred that the claim was just, true and correct; that the amount stated was due; that it had not been paid, and that there were no offsets or counterclaims. At the time the claim was presented, even according to its face, it was a year within the limitation of the statute; and it certainly would be contrary to the plainest principles of justice to hold—the statute in fact not having run—that the plaintiff could not maintain this action because, when the executor did ultimately act upon the claim, it did not then sufficiently apprise him as to the statute of limitations. To so hold would be to allow him to take advantage of his own delay, and it would be attaching too much importance to the face of the claim.

The respondent makes a number of objections as to the form of the claim. None of them were assigned as reasons for the rejection of the claim at the time thereof, nor were any of them made by demurrer or answer, and they are all very technical. The claim was received by the executor thirteen days before his appointment as such, and it was retained by him more than a year after appointment, when it was

rejected. In view of these facts the point that the claim was presented before letters testamentary issued cannot be seriously considered.

The figures of the amount due are stated in the claim itself, but they are accompanied neither by the dollar sign nor by the word "dollars." But as the affidavit attached to the claim gives the amount demanded in dollars and cents, the omission in the claim is harmless.

The affidavit to the claim is made by the treasurer of the claimant. It is alleged in the complaint and found by the court that the claimant was a corporation; hence section 1494, Code of Civil Procedure, providing that when the affidavit to a claim against an estate is made by a person other than the claimant the reason therefor must be set forth does not apply. This affidavit is not made by a third person; it is made by the corporation itself through one of its authorized officers, which, of course, is the only way a corporation can act.

The judgment and order appealed from are reversed.

Cooper, P. J., and Hall, J., concurred.