[Civ. No. 803. First Appellate District.—April 14, 1910.]

HENRY I. KOWALSKY, Plaintiff, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF SANTA CRUZ, and the Hon. LUCAS F. SMITH, Judge Thereof.

ESTATES OF DECEASED PERSONS—CLAIM ALLOWED AND SETTLED—LAPSE OF TIME—MOTION TO VACATE—WANT OF JURISDICTION—PROHIBITION.—The superior court has no jurisdiction to vacate a claim allowed and settled, which has become final by the lapse of time, and prohibition will lie to prevent the vacation thereof on motion of the administrator of the estate.

ID.—APPEAL NOT ALLOWED FROM VACATING ORDER—ABSENCE OF LEGAL REMEDY.—No appeal is allowed from an order vacating an allowed claim against the estate; and no other provision appears giving any legal remedy against such order.

ID.—CLAIM PASSED INTO SETTLEMENT OF ACCOUNT—CONCLUSIVENESS.— When, by the allowance of claims in a former settled account presented by the administrator, the claim involved has passed into the category of claims "passed upon in the settlement of a former account" as provided in the Code of Civil Procedure, it is thereby conclusively established against all persons interested in the estate, in the absence of an appeal therefrom, or of any relief obtained therefrom under section 473 of the Code of Civil Procedure.

ID.—SEPARATE LIST OF CLAIMS NOT REQUIRED—"EXHIBIT" IN ACCOUNT. The provision of section 1268 of the Code of Civil Procedure that every account must exhibit all debts which have been presented and allowed during the period embraced in the account does not require that a separate list be made of the claims allowed. The setting forth of the particulars of each claim and of the manner of its presentation is a sufficient "exhibit" of the debts presented and allowed in the account.

ID.—MATURITY OF NOTE AFTER DEATH.—The fact that the note allowed and settled as a claim against the estate matured after the death

of the deceased is no objection to the conclusiveness of its settlement as an allowed claim in the administrator's account, when that account became absolutely final.

APPLICATION for writ of prohibition to the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Rothchild, Golden & Rothchild, for Petitioner.

Lent & Humphrey, for Respondent.

HALL, J.—This is an original proceeding brought in this court to obtain a writ, prohibiting the superior court of Santa Cruz county and the judge thereof from proceeding to hear or grant a motion made by the administrator of the estate of Margaret McLaughlin, deceased, for an order setting aside the allowance and approval of a claim of plaintiff against said estate theretofore made by the judge of said court.

An alternative writ was issued, and the defendant made return thereto both by demurrer and answer.

From the record before us it appears that the plaintiff, on the twenty-fifth day of June, 1907, presented to Frank McLaughlin, the then administrator of the estate of said Margaret McLaughlin, deceased, his claim for the sum of $1955.49 upon a promissory note, executed by said Frank McLaughlin and indorsed by said Margaret McLaughlin; that said claim was approved by said Frank McLaughlin as such administrator on said day, and thereafter on the same day the claim was approved and allowed by the judge of said court and duly filed. Thereafter said Frank McLaughlin having died without completing the administration of said estate, Samuel N. Rucker was appointed administrator of said estate, and thereafter, to wit, on the ninth day of December, 1909, said Rucker, as such administrator, filed and presented to the court a "full report and account of the administration of the estate of Margaret McLaughlin, deceased, from the commencement thereof to the first day of October, 1909"; that thereafter, on the twentieth day of December, 1909, after due notice given, the said account was duly "settled, ap-

proved and allowed.'' This order has not been attacked by appeal or otherwise; at least the record before us discloses no such attack; neither has it been suggested in the oral argument or otherwise that an attack has as yet been made upon the order settling and approving said account.

On the second day of March, 1910, said Rucker, as such administrator, gave notice of a motion for an order of the court setting aside the allowance made by the judge of said court June 25, 1907, of plaintiff's claim. It is the jurisdiction of the court to entertain and grant such motion that is attacked by this proceeding.

Defendant suggests that if the court should grant the motion plaintiff would have a plain, speedy and adequate remedy by appeal under section 963, subdivision 3, Code of Civil Procedure, but a reading of said section discloses that no appeal is given thereby from an order vacating the allowance of a claim against an estate. We have been cited to no other provision of the law giving plaintiff any remedy against an order setting aside the allowance of a claim against an estate, and we know of none.

Therefore if defendant is proceeding without jurisdiction in the matter in controversy, plaintiff is entitled to the writ as prayed for.

Plaintiff claims that in no event may the administrator by motion made more than six months after the allowance of a claim, procure the setting aside of such allowance; and that in the case at bar the allowance of plaintiff's claim has been placed beyond attack by anyone by the order settling and approving the administrator's account, in which it is claimed this claim was exhibited as an allowed claim.

In reply to the first proposition defendants cite *Barker's Estate*, 26 Mont. 279, [67 Pac. 942], and *Cone* v. *Crum*, 52 Tex. 348. Neither case is in point. In *Barker's Estate* the attack was by the widow of the decedent against a claim that had been allowed in favor of the administrator, and the attack was made upon the hearing of his account.

*Cone* v. *Crum* decides that the administrator may maintain an action in equity, brought within a short time after the allowance of the claim, where the allowance was made by mistake and through inadvertence.

However, it is not necessary for us to pass upon the question as to whether or not the administrator may under any circumstances take action to set aside the allowance of a claim against the estate, for we think that by the allowance of the account presented by the administrator December 9, 1909, the claim of plaintiff passed into the category of claims, "passed upon on the settlement of a former account" (Code Civ. Proc., sec. 1636), and was thereby conclusively established against all persons interested in the estate, in the absence of any appeal from such order or attack thereon under section 473, Code of Civil Procedure.

In all material respects the facts of this case are like those in *Estate of McDougald,* 146 Cal. 191, [79 Pac. 878], where it was said, "When an account is presented for settlement after due notice, as in this case, any creditor or person interested may contest the same, and may object to any item of charge or credit, or to any claim allowed and not passed upon on the settlement of any previous account, and may thereupon have his objection settled and determined. (Code Civ. Proc., secs. 1635, 1636.) The settlement of an account and the allowance thereof by the court is conclusive against all persons in any way interested in the estate. (Code Civ. Proc., sec. 1637.) One whose claim has been rejected and who is prosecuting a suit upon it against the estate is a person interested, who may make such a contest, and who is concluded by the settlement of a previous account. The first account of the administratrix set forth her claim as one of the allowed claims against the estate. This was sufficient to notify all persons interested that the validity of this claim would be determined and established by the settlement of the account as rendered. No objection or contest was made; the account was settled, allowed and approved as rendered, and thereupon this claim, with the others mentioned in the list, passed into the class of claims passed upon in the settlement of a former account (sec. 1636), was conclusively established against all persons in any way interested, and its validity was not thereafter subject to attack upon the hearing of any subsequent account. A judgment or order of a court having jurisdiction is conclusive of all matters involved which might have been disputed at the hearing, although

no objection was in fact made. This rule applies to the settling of accounts the same as to any other proceeding."

In the report containing the account presented by the administrator to the court December 9, 1909, three allowed claims are set forth. One of the three is the claim of plaintiff. As to this claim it is there said, "That after the said time for presentation of claims against said estate had fully expired, the claim of H. I. Kowalsky was presented for $1955.47, claimed to be due on the promissory note of said Frank McLaughlin, such note purporting to have been indorsed by said Margaret McLaughlin by her writing her name across the back thereof at the time of its execution, to wit, November 30th, 1904; that said last-mentioned note was made payable one year after date, to wit, on November 30th, 1905; and said claim therefor states that when said note became due, viz., November 30th, 1905, the same was presented by claimant to and payment demanded of the maker, said Frank McLaughlin, who failed to pay the same; that said claimant thereupon, after presentation as aforesaid, and upon said 30th day of November, 1905, gave notice in writing to said Margaret McLaughlin of the said demand and the failure of said Frank McLaughlin to pay said note; that said Margaret McLaughlin's death had occurred prior to the said maturity of said note, to wit, on said 16th day of November, 1905; that it is further stated by claimant in his verification of said claim that he had been a resident of New York, and had not been in the State of California for more than two years continuously preceding the 23rd day of April, 1907, the date of such verification; that said claim was allowed against said estate and filed therein on the 25th day of June, 1907, for the amount stated in such claim."

The statute requires that "Every account must exhibit all debts which have been presented and allowed during the period embraced in the account." (Code Civ. Proc., sec. 1628.) The setting forth of the particulars of this claim, and the manner of its presentation and allowance, was certainly an *exhibit* of the debt thus presented and allowed. It was not at all necessary that a separate list be made of the claims allowed, as is sometimes done. The statute only requires that the debts allowed be exhibited in the account. In this case the debts were listed and fully set forth in the

report, which likewise set forth the amount of money received and expenses incurred and money expended. Everything done, including moneys received and expended, and expenses incurred but not paid, and debts allowed, was submitted in the form of a report to the court. The report and account, which is annexed to defendant's answer herein, purports to be "the full report and account of the administration of the estate of Margaret McLaughlin, deceased, from the commencement thereof to the 1st day of October, 1909." This particular claim and the action of the administrator and of the judge in allowing and approving it were thus presented for the final action of the court upon settlement of the account. Although the court found all matters stated in the report to be true, which includes the statement that Margaret McLaughlin had died before the maturity of the Kowalsky note, the court approved the account as rendered. This was an approval of all allowed debts exhibited with the account, and included the claim of plaintiff, which thus passed beyond attack except by an appeal from such order or other direct attack thereon. (Code Civ. Proc., secs. 473, 1737; *Estate of McDougald*, 146 Cal. 191, [79 Pac. 878].)

The court therefore has no jurisdiction to grant the motion of the administrator to set aside the allowance of the claim, and the writ must issue as prayed for.

It is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 13, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 13, 1910.