## COMMISSIONER OF INTERNAL REVENUE
### v. BURDETTE.
### No. 7134.

Circuit Court of Appeals, Ninth Circuit.
Feb. 23, 1934.

John H. McEvers and Walter L. Barlow, Sp. Assts. to Atty. Gen., for petitioner.

Thomas R. Dempsey and A. Calder Mackay, both of Los Angeles, Cal. (Howard W. Reynolds, of Los Angeles, Cal., of counsel), for respondent.

Before SAWTELLE and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

GARRECHT, Circuit Judge.

On May 1, 1915, the respondent loaned to her son, Roy Bradley Wheeler, the sum of $25,700. He executed in her favor two notes, each payable "Thirty days after demand," one for $17,700, with interest at the rate of 6 per cent., and one for $8,000, with interest at the rate of 6½ per cent., and he deposited with her as collateral security certificates for 400 shares of corporation stock in the Torrence-Marshall & Co. In 1922, while the son and debtor was ill, he sold his stock in this company and requested the respondent to release the collateral, which she did, and no other security was substituted instead. No demand for payment was made and no part of the indebtedness was ever paid, nor did the debtor repudiate the notes. On April 20, 1923 decedent gave to the respondent a statement in his own handwriting which was in pencil but not subscribed by him. This memorandum purported to report the debtor's investment of the proceeds of the collateral sold with certain information requested—his cash balance at the bank and other financial information which a creditor might naturally desire to have. The top margin of this sheet bore the caption "Where the Proceeds Went," and at the bottom, following the body of the report above indicated, was an addendum note which read, "Now have no notes payable except to you & ac. Broadway building." After the qualification as executor, the decedent's former secretary, who likewise had been secretary for respondent, made up a statement from Mr. Wheeler's books and memoranda of the purported assets and liabilities of the estate. This statement which was used by the executor in the administration of the estate was dated October 31, 1923, and in the schedule of liabilities, under the caption "Notes Payable," were carried the decedent's two notes for $17,700 and $8,000 respectively, as unpaid obligations of the estate. The debtor's estate was valued in excess of $200,000. Early in 1924 a claim for payment of the notes was presented to the executor, and allowance and payment were refused on the ground that the debt was barred by the statute of limitations. The respondent then, considering the notes to be worthless, charged them off and took deduction therefor in her income tax return for the year 1924.

The Commissioner disallowed the deductions and asserted the existence of a deficiency in respondent's income tax for said year. Upon appeal to the Board of Tax Appeals, the Commissioner's ruling was reversed. This petition to review that decision of the board was taken by the Commissioner.

The sole question involved is whether the indebtedness represented by these notes should have been written off in 1923, the year in which the maker died, or in 1924 when claim for payment was rejected by the executor; the collection of the notes concededly being barred by the California statute of limitations.

Subdivision (7) of section 214 (a) of the Revenue Act of 1924 (43 Stat. 253, 26 USCA § 955 (a) (7) provides that there shall be allowed as deductions "debts ascertained to be worthless and charged off within the taxable year." The Board of Tax Appeals held that it is not the year during which a debt actually becomes worthless that marks the period for which it may be allowed as a deduction but the year during which the worthlessness of the debt is actually ascertained by the taxpayer seeking the deduction. It held that the respondent did not realize that her claim against her son's estate was actually worthless until it was rejected by the executor in 1924, and that therefore the debt was deductible in that year.

The petitioner takes the position that, since the debt actually became worthless upon the death of the debtor in 1923, the respondent will be conclusively presumed to have ascertained that fact when it occurred, and that therefore the debt was deductible in 1923 only.

■ The Commissioner asserts that it is well settled that a taxpayer will not be permitted to close his eyes to the obvious, carry worthless amounts on his books, and then deduct them in a year subsequent to that in which they actually became worthless. This statement assumes the bad faith of the taxpayer in carrying the bad debt. Such a contention finds no support in the findings in this case. The Board of Tax Appeals as a finding of fact determined that the taxpayer did not ascertain the worthlessness of the debt until the payment was refused by the executor in 1924. This court is bound by the conclusion of the Board of Tax Appeals where the evidence does not compel a contrary conclusion. Phillips v. Comm'r, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289; Pedder v. Comm'r (C. C. A.) 60 F.(2d) 866. And the duty of weighing evidence rests with

the Board. Matern v. Comm'r (C. C. A.) 61 F.(2d) 663.

■■ The law requires only that the debt be written off in the taxable year in which its worthlessness is ascertained. Avery v. Comm'r (C. C. A.) 22 F.(2d) 6, 9, 55 A. L. R. 1277; Duffin v. Lucas (C. C. A.) 55 F.(2d) 786. "Ascertain" means "to learn with certainty about." Can it be said that this taxpayer knew with certainty in 1923 that this debt would not be paid? True, it was barred by the California statute of limitations (sections 335, 337, Cal. Code of Civil Proc.) but the taxpayer had a memorandum written by the son in 1923, acknowledging the debt, which she believed to be a valid and binding extension of the statute of limitations. The executor carried the notes as existing obligations of the estate and until the rejection of the claim the taxpayer believed that the notes would be paid. The estate was in excess of $200,000, and there would be nothing to prevent the heirs respecting decedent's evident intention to validate the notes and themselves making payment. Under these circumstances, she would not have been justified in writing off the claim as worthless in 1923.

In the Avery Case, supra, it was said: "Honesty of belief in the taxpayer is not conclusive, nor binding on the board," but it rested the establishment of the fact with the determination of the Board, and, continuing, the opinion said: "It is the province of the board to determine, on a review of all the facts and circumstances surrounding the particular debt sought to be deducted, whether the taxpayer knew or ought to have known its worthlessness in a year prior."

Acting in accordance with the decisions and exercising its proper power, the Board of Tax Appeals has conclusively determined the fact against the contention of the petitioner.

Both petitioner and respondent cited the case of Duffin v. Lucas, Comm'r (C. C. A.) 55 F.(2d) 786, 795, upon the point under discussion. The opinion in that case sustains the position of respondent here:

"* * * We can see no absolute duty on the taxpayer's part to ascertain worthlessness, at his peril, during this same year when the debt becomes uncollectible by law. We think there must be, in many cases, a reasonable discretion on the part of the taxpayer, even though he knows that he cannot collect by law at that time to treat it as not entirely worthless, relying upon the good

faith and good intentions of the debtor and hoping for better results next year. There is difficulty in saying * * * that the mere lapse of time * * * raises the inference that the account became worthless at the end of the last year of that period. The statute may not have run on account of absence, minority, etc. There may have been a new promise. * * *"

In California Jurisprudence, vol. 11, p. 750, it is stated that: "And though a claim is apparently barred, the judge, when it is presented for allowance, may from legal evidence determine that the maker was absent from the state for such length of time or that such other facts existed as to prevent the bar of the statute."

See Kohn v. Rupley, 54 Cal. App. 565, 567, 202 P. 163, and Bancroft's Probate Practice, vol. 3, p. 1481, says: "The face of the claim is accordingly not conclusive. Whether or not the claim is actually barred is a question of fact."

The decision of the Board of Tax Appeals is affirmed.