THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN CARDONA ADAMES, Defendant and Appellant.

No. 8877.   Argued November 7, 1941.—Decided November 14, 1941.

*Diego E. Ramos* for appellant. *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a prosecution for petit larceny in which it is urged that the complaint fails to charge the defendant with the offense of which he was convicted.

The complaint was filed in the Municipal Court of Arecibo. The case was taken on appeal to the district court and upon its being called for trial *de novo,* as provided by law, the defendant presented a demurrer in which he alleged that it appeared on the face of the complaint that the facts charged did not constitute a public offense, because it was not stated that the stolen property belonged to another person, and because even if it was alleged that the injured person was M. Blanco & Co., the status of the latter as an artificial person should have been alleged.

The demurrer was overruled and, after a trial was had, the court rendered judgment finding the defendant guilty and sentencing him to one month in jail and to pay the costs.

It is from that judgment that the present appeal has been taken. The appellant has filed two lengthy briefs, wherein citing some jurisprudence he insists on the points raised by his demurrer. We think that he is not right.

The complaint in its pertinent part reads as follows:

"... The said defendant, Juan Cardona Adames, then and there —one day in January, 1941, José De Diego Street, Arecibo—did unlawfully, wilfully, maliciously, and with the criminal intent to

deprive the legitimate owner of the free use of his property and in order to benefit himself thereby, stole from the commercial firm of this city, owned by Sr. M. Blanco & Co., 27 gabardine khaki trousers valued at $32·60, carrying them away himself for his own benefit, thus depriving its lawful owner of the free use of his property. . . .''

The statute violated is as follows:

"Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another." Sec. 426 of the Penal Code, 1937 ed., equivalent to Sec. 484 of the California Code.

There is no doubt that the complaint might have been worded in a better way, in the sense that the offense might have been charged more accurately with fewer words, but in its present form it is sufficient. It is therein alleged that personal property—gabardine khaki trousers worth $32.60—was stolen by the defendant with criminal intent from the firm of M. Blanco & Co., thus depriving such owner of its property.

The important point in a case of larceny is that the stolen property belongs to another person, whether natural or artificial, that is, that it does not belong to the defendant and that the latter has stolen it with the criminal intent to deprive its owner of it, and this appears quite clearly from the complaint herein.

The name of the owner is stated for greater accuracy and for the purpose of identifying the fact constituting the ·offense so that the defendant may protect himself against another charge for. the same offense. (*People* v. *Mills Sing*, 183 P. 865, 869, and *People* v. *Nunley*, 75 P. 675.) In the instant case, besides the allegation of the time and place of the commission of the offense and the description of the stolen property, it is set forth that the same was stolen "from the commercial firm of this city, owned by M. Blanco & Co.," and it may be inferred therefrom that the owner of the property—the 27 trousers—was the owner of the establishment from which it was stolen, that is, M. Blanco & Co.

But êven if such were not the case, the act charged is so accurately identified that the defendant is protected against a second prosecution for the same offense.

■ As to the contention that even conceding that it was alleged in the complaint that M. Blanco & Co. were the owners of the stolen property, the complaint would still be insufficient for the failure to express the names of the partners, citing Wharton's Crim. Law, sec. 1833, it will suffice to say that such requisite is not necessary in Puerto Rico where, as was held in *Quintana Hnos. & Co.* v. *Ramírez & Co. et al.*, 22 P.R.R. 707, 716:

"A partnership is a juridical person distinct from the natural persons of the members who compose it. According to law, such juridical person has its rights and obligations and one of the rights consists in the acquisition, possession and enjoyment of corporeal property. The property acquired by the partnership belongs to the partnership and not to any of the members individually. The members have interest in the capital, but such interests follow the fortune of the partnership. It is only when the partnership is dissolved and liquidated that the members individually acquire the interests belonging to them."

But even though it were not so, that would not be a fatal error, as was held in *People* v. *Goggins*, 80 Cal. 229.

The appeal must be denied and the judgment appealed from affirmed.