[Civ. No. 3131. Fourth Dist. Feb. 29, 1944.]

Estate of JAMES HENRY FARLEY, Deceased. ERNEST RAYMOND FARLEY et al., as Executors etc., Appellants, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent.

John G. Covert for Appellants.

Farrand & Farrand for Respondent.

MARKS, J.—This is an appeal from an order refusing to settle the final account and distribute the estate of James Henry Farley, deceased.

James Henry Farley died on April 7, 1929. At the time of his death he was indebted to Los Angeles-First National Trust & Savings Bank, now Security-First National Bank of Los Angeles, in the sum of $2,500, evidenced by a promissory note dated May 15, 1928, due in installments, with interest at 7 per cent per annum. The note was secured by a deed of trust on property in the city of Hanford.

Deceased's will was admitted to probate and appellants were appointed and qualified as executors. Within the time fixed by law, respondent presented its claim in due form. It was allowed and approved by the executors and the probate judge and filed.

On March 20, 1931, the property was sold under the power of sale in the deed of trust for the sum of $2,000. The total amount of the indebtedness, due at that time, including interest and costs of sale, was $2,993.77.

On May 4, 1943, the executors filed their first and final account, report, and petition for distribution in which it was stated that the only claim against the estate was that of respondent and that it had not commenced an action to recover judgment for a deficiency.

Respondent filed its objections setting up the foregoing facts and that $993.77, besides accrued interest, remained unpaid on its claim so that the estate was not in condition to be closed. After a trial the objections and exceptions were sustained. An order was entered refusing to settle the account and denying the petition, and this appeal followed.

 The sole question presented is the necessity of recovering a judgment for a deficiency remaining after the sale of the security under a power of sale in a deed of trust given to secure a promissory note executed prior to August 21,

1933, the effective date of sections 580a and 580b of the Code of Civil Procedure and section 2924½ of the Civil Code. Insofar as material here, those sections have been held inapplicable to deeds of trust executed before their effective date. (*Central Bank of Oakland* v. *Proctor,* 5 Cal.2d 237 [54 P.2d 718]; *Brown* v. *Ferdon,* 5 Cal.2d 226 [54 P.2d 712]; *Hales* v. *Snowden,* 19 Cal.App.2d 366 [65 P.2d 847].)

The precise question, as well as others, was presented to this court in *Estate of Thurnell,* (Cal.App.) [19 P.2d 14]. We held that the claim, having been presented, allowed and approved in full, became an approved debt of the estate and there was no necessity of bringing any action against the estate for the unpaid portion of the debt remaining after the sale of the security under the power contained in the deed of trust. There were several other questions presented by the appeal. The Supreme Court granted a hearing but the appeal was dismissed so the cause was never decided.

We have again reviewed the question there presented and have reached the same conclusion as before and we here adopt the portion of the opinion, written by Mr. Justice pro tem. Harden, dealing with the question here presented:

"The declaration of trust having granted to the bank the power of sale of the property upon default in the payment of the notes, the death of one of the grantors did not operate as a revocation of that power of sale nor in any manner limit the effect of the instrument. There was no necessity to present any claim against the estate as a prerequisite to the exercise of said power of sale. The provisions of section 1493 of the Code of Civil Procedure, requiring the filing of claims against the estate of a deceased person, and of section 1500 of the Code of Civil Procedure, prescribing the conditions under which actions may be maintained to foreclose mortgages or liens upon the property of estates, have no application to the right of a trustee to sell property under a power of sale contained in a trust deed. *More* v. *Calkins, supra* (95 Cal. 435 [30 P. 583, 29 Am.St.Rep. 128]). Neither statute nor judicial authority has been called to our attention holding that the exhaustion of such security for a promissory note by trustee's sale under a trust deed will operate to satisfy an unpaid balance remaining due thereon after proper application of the proceeds of the sale; and we are

certain there is none. The allowance of the claims in full amount was as if said notes had been unsecured by any lien, which was the case. The time for appeal from the order of September 5, 1930, expired without the raising of any question as to its validity. Said order was, therefore, a conclusive adjudication of the validity of said claim against all persons interested in the estate, except persons under legal disability. (Sec. 1637, Code Civ. Proc.; *Kingsley* v. *Miller,* 45 Cal. 95; *Estate of Grant,* 131 Cal. 426, 63 P. 731; *Kowalsky* v. *Superior Court,* 13 Cal.App. 218, 109 P. 158; *Harter Co.* v. *Geisel,* 18 Cal.App. 282, 122 P. 1094; *Kohn* v. *Rupley,* 54 Cal.App. 565, 202 P. 163.) Upon default of the trustors, the trustee had the right to sell the property at trustee's sale without judicial foreclosure. Indeed, it is only under extraordinary circumstances that resort may be had to judicial proceedings to foreclose. (*Bayer* v. *Hoagland,* 95 Cal.App. 403, 273 P. 58; *Bayer* v. *Barrett* ([127] Cal. App. [305]) 15 P.2d 801.) The sale of the property at trustee's sale and the application of the proceeds thereof to the satisfaction of the debt was a partial payment—nothing more.''

Appellants argue that it has always been the law in California that where a secured claim is presented, allowed and filed, and the security is sold under a power of sale for an amount insufficient to pay the debt in full, the deficiency is waived unless a judgment be recovered against the estate; that section 580a of the Code of Civil Procedure and 2924½ of the Civil Code merely continued this rule. They cite no case in point sustaining this contention and we have found none. They rely on *Bank of America* v. *Dennison,* 8 Cal. App.2d 173 [47 P.2d 296], and *Palo Alto etc. Assn.* v. *Cook,* 17 Cal.App.2d 193 [61 P.2d 499], in support of their argument. Both notes and deeds of trust involved in those cases were given prior to August 21, 1933, and the actions to secure deficiency judgments were filed after that date. The necessity or propriety of bringing such actions was not touched upon in either opinion. They also rely upon *Estate of Naegely,* 31 Cal.App.2d 470 [88 P.2d 715], and *Hatch* v. *Security-First National Bank of Los Angeles,* 19 Cal.2d 254 [120 P.2d 869]. The notes and securities in both of those actions were executed after August 21, 1933, so those cases cannot be considered as authority on the question before us.

While California was under Mexican jurisdiction the disposition of estates of deceased persons was regulated by Spanish-Mexican law. When California became a State of the Union the common law was adopted and put in force except where superseded by statute. In 1850 (Stats. 1850, p. 219) a statutory system of procedure for probate of estates was adopted and has been continued under various statutes which are now largely consolidated into the Probate Code. ■ The system of probate of estates here is largely a creature of statutes. Probate courts derive their powers from and have limitations placed upon those powers by stat-. ute. (11 Cal.Jur. 208, sec. 3; 11A Cal.Jur. 49, sec. 4; *People* v. *Senter*, 28 Cal. 502.)

■ The matter of claims against estates is governed by chapter XII of the Probate Code as those sections and others in the Code of Civil Procedure preceding them have been interpreted by the courts. Here the note and deed of trust were executed, the deceased died and the claim was presented, allowed, approved and filed before the adoption of the Probate Code. For convenience our references will be to sections of that code and the Code of Civil Procedure. We need not concern ourselves with rejected claims.

Section 1496 of the Code of Civil Procedure contains the following: "Every claim allowed by the executor or administrator and approved by the judge shall be ranked among the acknowledged debts of the estate, to be paid in due course of administration." (Sec. 713, Prob. Code.)

Section 1500 of the Code of Civil Procedure (sec. 716, Prob. Code) prohibits the holder of a debt secured by a mortgage from suing an estate unless a claim is presented, except that the owner of such secured debt may bring an action for foreclosure of the lien if there be an express waiver of recourse to any other property of the estate, and subject to the further limitation that no counsel fees can be recovered in the absence of presentation of the claim. There is no special provision defining the status of allowed and approved secured claims so the general provisions of section 1496 of the Code of Civil Procedure (sec. 716, Prob. Code) should apply. Thus we have in the statutes an express direction that an allowed and approved claim should be paid in the course of administration. This is a direction that it should be paid in full to the amount for which it is approved

and allowed, provided the estate is not insolvent. There is no provision that a claim would be satisfied by its partial payment. This can only be done with the consent of the claimant.

The claim of respondent was allowed and approved in full. There was no contest of the claim so the full amount became an acknowledged debt of the estate to be paid before final distribution. No question is raised as to the justice of the debt nor to the propriety of any expense incurred during the foreclosure proceedings. Insofar as appears here the estate justly owed respondent the entire amount claimed. Only part of the claim has been paid, with the balance long since due and unpaid. Prior to August 21, 1933, there seems to have been no requirement of law which would necessitate an action against the estate for the unpaid balance. In such a proceeding the courts should not demand that which the law does not require.

Nothing we have said should be construed to apply to any claim against an estate on a secured debt incurred on or after August 21, 1933.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.