## KOCH v. BRIGGS.

A DEED of trust, the Trustee not being the creditor, but a third party, given to secure a note, and authorizing the Trustee to sell the land at public auction, and execute to the purchaser a good and sufficient deed of the same, upon default in paying the note, or interest, as it falls due, and out of the proceeds to satisfy the trust generally, and to render the surplus to the grantor, etc., is not a mortgage, requiring judicial foreclosure and sale.

In mortgages there exist the right to foreclose, after condition broken, and the right of redemption from forfeiture. These two rights are mutual and reciprocal. When one cannot be enforced, the existence of the other is denied; and when either is wanting, the instrument, whatever its resemblance in other respects, is not a mortgage.

In a deed of trust, as here, there can be no forfeiture of the estate, and hence no equity, as against such forfeiture, to foreclose, as in England. Nor would a suit for decree and sale, as under our system, lie, because such suit could be based only on the contract of the *parties*, and the contract is, that the Trustee shall sell, upon the happening of a certain event.

Koch *v.* Briggs.

Relief in equity would be limited to the contract, and a sale could only be made by enforcing the trust.

From sales under such trusts, there is no equity of redemption, for there is no for-feiture. Performance of the trust carries out the contract of the parties.

In mortgages, the form of the contract is one of conveyance; while, in truth, the contract is only one of security, and equity gives effect to the intention of the parties.

APPEAL from the Sixth District.

The demurrer by defendant was upon the ground, among others, that the complaint did not show facts sufficient to con-stitute a cause of action, in this: that the trust deed was really a mortgage, requiring judicial foreclosure and sale to pass title.

The Court below gave final judgment for defendant on the demurrer. Plaintiff appeals.

*E. B. Crocker,* for Appellant.

1. Trust deeds have always been more favored by the Courts than mortgages with powers of sale, because the Trustee is a person mutually selected by the parties, and is bound to protect the rights of both. Yet, the English and American Courts have repeatedly declared, that mortgages, with a power in the mort-gagee to sell upon default, are valid. (1 Hill. Mort. 90, 93, 101, 128; 1 Pow. Mort. 10—12, and Notes; 4 Kent, 150, 152, 202, 203; Comyn, 603; 18 Vesey, 344, 346; 2 Simons & Stuart, 323; 1 Barn. & Cres. 364; 2 Sto. Eq. Sec. 1027; 4 Cow. 266; 2 Id. 203; 7 J. C. R. 50; 1 Caine's Cases, 1; 3 J. C. R. 144; 3 Pick. 490, 492; 2 Met. 30; 3 Gilm. 32; 1 How. U. S. 321; 17 Ohio, 482; 6 Mo. 273; 10 J. R. 185; 1 Paige, 52.)

2. A sale in pursuance of the power, regularly and fairly made, vests in the purchaser an absolute estate in the premises, free from the original conditions in the mortgage, and from any right of redemption. (4 Kent, 202, 153, 152; 7 J. C. R. 50; 2 Cowen, 203, 229, 242; 1 Caine's Cases, 1; 3 J. C. R. 144; 3 Pick. 490, 492; 2 Met. 30; 3 Gilm. 32.)

And such a sale is valid, even though a bill to foreclose the mortgage is pending. (1 Hill. Mort. 90, Notes; 17 Ohio, 482.) And it is not necessary for the mortgagor to join in a convey-ance under the sale. (4 Kent, 150, 152.) The conveyance by the mortgagee to the purchaser being sufficient. (18 Vesey, 344.) After the sale, the mortgagor becomes a tenant at sufferance of

the purchaser. (2 Metcalf, 29.) And an infant has no day to show cause after he comes of age, against such a sale. (4 Kent, 203.) It is equivalent to a sale under a decree of foreclosure. (1 Hill, Mort. 101, 128; 1 Paige, 52; 7 J. C. R. 144, 150; 10 J. R. 185; 4 Cowen, 266; 2 Id. 195; 3 J. C. R. 144.)

3. The above cases were all decided upon mortgages with powers of sale. We now refer to cases relating directly to trust deeds, similar in principle to this. A bill will not lie to foreclose a trust deed; but equity will aid in effecting a sale of the trust property. (1 Hill, Mort. 246, 362; 1 Hare, 533; 3 Gilman, 32; 1 How. U. S. 321.) Such a deed passes all the estate of the grantor, and leaves nothing in him liable to execution. (1 Hill, Mort. 428; 16 Ohio, 469.)

Equity will compel the Trustee to convey to the purchaser, even though the mortgagor objects to the sale. (1 Powell, Mort. 12 A, Note K.)

The trust deed conveys the absolute legal title to the Trustee, and it is not a mortgage. The Court should carry out the real intention of the parties. A sale under it passes the legal title to the purchaser.

The purchaser at a Trustee's sale is not bound to show a compliance with the terms of the trust deed. (5 Gilm. 236; 6 Munf. 358.)

If the debtor conveys his interest in the trust property to the Trustee in satisfaction of the debt, the trust is ended, and the creditors are possessed of the whole legal and equitable title. (3 Comst. 525.)

A trust deed for the payment of a debt of the grantor, is valid and binding on all the parties. (Hill on Trustees, 468, 483.)

The Trustees can make a good title to the purchaser, who is not bound to ascertain the necessity of the sale, or see to the application of the purchase money. (Id. 480.)

Where there is an agreement that, on default in payment of any installment, the whole debt should become payable, it will be enforced on the non-payment of any installment, and it can not be considered as a penalty. (*Andrews* v. *Jones,* 3 Blackf. 440; 1 Bibb, 149; 1 Blackf. 69, 213; 19 Wend. 104; 5 Barn. & Ald. 40; 7 Paige, 179; 2 Leading Cases in Equity, 471.)

4. Such is the law, independent of the statutes of this State;

Koch *v.* Briggs.

but the Respondent contends that these authorities have no application, and that the statutes have changed the law. On the contrary, we contend that we have no law upon the statute book which affects trust deeds of this kind, or which changes the common law upon this subject.

Section 260 of the Practice Act does not apply. It does not forbid parties making a contract like this, or say that in such cases, the property can only be sold by a Sheriff under a decree of Court. This section is not in that portion of the statute relating to the foreclosure of mortgages, which will be found in Sections 246—248. In those sections, there is no attempt to require even all mortgages to be foreclosed by an action in Court. (*Benham* v. *Rowe*, 2 Cal. 387.)

In cases óf express trust, the capacity of the Trustee and *cestui que trust* is created by contract, and all the legal rights and duties belonging to the one or the other, are but the legitimate results contemplated by the contract itself. (*Gunter* v. *Janes*, 9 Cal. 659.) Even if a trust deed is to be considered as a mortgage, it does not follow that the grantor's title can only be divested by a decree of foreclosure. If it contains a power of sale, neither legal or equitable proceedings are necessary to enforce it. (*Bloom* v. *Van Rensselaer*, 15 Ill. 503.)

5. A sale made by the Trustee is absolute, and the property is not subject to redemption, either under the equity of redemption, or the statute regulating sales of property upon execution. (10 Ohio, 204; 14 Peters, 9; 5 Gilman, 236; 1 Powell, Mort. 10, 11; Comyn, 603; 1 Hilliard, Mort. 428; 16 Ohio, 469; and Cases cited under Point 1.)

The statute, (Practice Act, Sec. 229,) evidently applies to judicial sales only, and it would be impossible for a Trustee to comply with many of its provisions. This instrument is a trust deed, and not a mortgage. (*Reese* v. *Allen*, 5 Gil. 236; *Sampson* v. *Pattison*, 1 Hare, 533; 23 Eng. Ch. 533; 6 Munf. 358; *Cooper* v *Whitney*, 3 Hill, 96, 100; 6 Dana, 473; *Jenkin* v. *Row*, 11 Eng. L. &. E. 297; 2 Hill, Mort. 45.)

*J. H. Ralston* and *L. Hermance,* for Respondent.

Section 260 of the Practice Act provides: "A mortgage of real property shall not be deemed a conveyance, whatever its terms,

so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale."

On a proper construction of this statute, the cause mainly depends. Does it mean every instrument by which security on land is given, which, in equity, is called a mortgage, or does it mean a paper which is exclusively a mortgage, and which can not be called by any other name?

The term " mortgage," as here used, is to be understood in its most comprehensive signification. It occurs in the law under the head of "Actions to determine Conflicting Claims to Lands;" the words "whatever its terms," are thrown into the sentence to extend the meaning of the term " mortgage." It can embrace no term whereby the mortgagee can go into the possession of the premises without a foreclosure and sale.

The cases referred to in Appellant's brief show that this paper, now before the Court, is called a mortgage. (*Lawrence* v. *Farmers' Loan & Trust Co. et al.* 3 Ker. 200; *Benham et als.* v. *Rowe,* 2 Cal. 387.)

So, generally, is the term "mortgage" applied to all instruments which secure money on real estate, that in the Reports and Digests, as well in the United States as in England, all class the instruments that secure money on real estate under the comprehensive term, "mortgages." It matters not whether the instrument is in form only a mortgage, or whether there be one or more instruments, or a mortgage with power of sale in the mortgagee, or a third party, or a trust deed, with power of sale in default of payment, it is still classed with mortgages by the statute of this State. A mortgage is security for money, and shall not be deemed "a conveyance." It may be something more. It may be a trust with power of sale in default of payment. This quality of security determines what the instrument is, and gives it a name. (1 Powell on Mort. 116; 3 Pick. 491.)

The question then, is, do the terms "foreclosure" and "sale," as used in our statute, mean a legal foreclosure and sale, or do they mean also any sale of the property under a power in the instrument? The foreclosure and sale here spoken of is that authorized by Sections 246—248 of the Code. The position of these sections seems to indicate this. The Legislature first provides how foreclosure and sale may be effected. Then it provides that

Koch *v.* Briggs.

the mortgage shall not be effective to pass the estate without a foreclosure and sale.

A sale authorized by the deed to satisfy a mortgage, would be good in the absence of statutory provisions, but such sale is not "a foreclosure and sale;" it is a sale by agreement, without a foreclosure. If this kind of sale had been intended by the lawgiver, the sentence would have read thus: "without a sale"— entirely omitting the word "foreclosure."

If a foreclosure suit had been brought when this suit was commenced, the Respondent might have been successful in his defense; but by the terms of his mortgage, he agreed to take the will of the creditor for the decree of the Court. Against a contract of this kind, the statute protects him, and requires a "foreclosure and sale," with a right to redeem.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and BALDWIN, J. concurring.

In March, 1858, the defendant executed to the plaintiff his promissory note for the sum of four thousand four hundred dollars, payable in twelve months, with a specified monthly interest, and providing, among other things, that in case the interest was not paid as it monthly matured, or within ten days thereafter, the whole principal and interest should become due at the option of the plaintiff. Simultaneously with the note the defendant and his wife executed a conveyance of the premises in controversy to Swift, upon the trust, among other matters, that in case of default in the payment of the note or interest, or any part thereof, and upon the application of the holder, he would sell the premises at public auction, at a designated place in the county, to the highest bidder for cash, after fifteen days previous publication of notice, in one of the newspapers of the county, of the time and place of sale, and execute to the purchaser a good and sufficient deed of the same, and out of the proceeds, after satisfying the expenses of the advertisement and sale, and of the trust generally, including moneys advanced for taxes, assessments, and other liens, pay the principal and interest due upon the note according to its tenor, and render the surplus, if any, to the grantors or their representatives. The conveyance purports, on its face, to be made for the express purpose of se-

curing the note referred to, and also provides that the principal and interest shall at once become due and payable upon breach of any of its terms.

The monthly interest not being paid, as provided, the holder of the note declared the entire principal and interest due, according to its terms, and gave notice of the same to the maker; and thereupon the Trustee proceeded, and in July, 1858, after due publication of notice, sold the premises at public auction to the plaintiff, he being the highest bidder at the sale, and executed to him a deed of the same. Claiming title by this deed, the plaintiff brought the present action of ejectment.

No question was made on the argument as to the power of the wife of the defendant to execute, with her husband, a conveyance upon the trusts and stipulations contained in the deed to Swift; nor any question as to the fairness of the sale by the Trustee; but it was insisted that the instrument was in fact a mortgage, under which the title of the defendant could not be divested except by a judicial foreclosure and sale. Assuming, for the disposition of the only point presented, that the wife could unite in the deed creating the trust, we do not regard the deed as subject to the objection of the Respondent. It has no feature in common with a mortgage, except that it was executed to secure an indebtedness. This will be evident from a consideration of the rights of parties to a mortgage with reference to the mortgaged property. Where there is a mortgage there is a right, after condition broken, to a foreclosure on the part of the mortgagee, and a right of redemption on the part of the mortgagor. It matters not whether we consider the instrument a conveyance of a conditional estate in the land, as at common law, or as creating a mere lien or incumbrance for the purpose of security, as by our law. The right to foreclose, whether resulting in vesting an absolute title to the property in the mortgagee, as formerly in England, or in a judicial sale of the premises, as in this State—exists in all cases of mortgage, after breach of condition, as does also the right to redeem the property from forfeiture, or from the incumbrance of the lien. These two rights are mutual and reciprocal. When the one cannot be enforced, the existence of the other is denied, and when either is wanting, the instrument, whatever its resemblance in other respects, is not a mortgage.

Koch v. Briggs.

In reference to the deed in question, no suit for a foreclosure, as in cases of mortgage in England, would lie, for there could be no forfeiture of the estate to enforce, and of course no equity as against such forfeiture to foreclose. Nor would a suit lie for a foreclosure under our system—that is, for a decree adjudging a sale of the premises and the application of the proceeds to the payment of the debt, as such suit could only be based upon the contract of the parties, and the contract here is only that, upon the happening of a certain event, the Trustee shall sell. Equity could not adjudge a sale, as in case of a mortgage, without disregarding the express contract of the parties, and making a new and different one.

Equity would limit its relief to the contract made, and effectuate a sale only by enforcing the performance of the trust.

Nor would any equity of redemption exist if the trust were performed, for, in its execution, no forfeiture would be asserted from which relief could be sought. In the performance of the trust the contract of the parties—in fact and in intention—would be carried out, whereas, in mortgages, the form of contract is one of conveyance, while in truth the contract is one only of security, and the equity is enforced to give effect to the intent of the parties against the legal consequences of the form of their undertaking.

The authorities distinguish between an instrument like the one before the Court, and a mortgage. Thus, in *Sampson* v. *Pattison*, (1 Hare, 536,) a conveyance was executed upon trust, that the premises should stand chargeable with the payment of fifteen hundred pounds and interest, with a proviso that, if the money and interest were not paid within two months after notice requiring payment of the same, the party entitled to the money should proceed and sell the premises. The money not being paid upon the required notice, the owners of the demand brought suit, praying in their bill, that an account be taken of the amount due on the security, and that the defendants be decreed to pay the same, or be foreclosed. In sustaining a demurrer to the bill, for want of equity, the Vice-Chancellor said: "The only question is, what are the terms of the contract? They are, simply, that a certain sum of money and interest, shall be a charge on the estate, and if the same be not paid at a

particular time, the party entitled to the money shall have power to sell the estate. *There is no right of foreclosure arising out of such a contract.* Where a charge is created by mortgage, the condition of which is, that if the money be not paid at a certain day, the estate of the mortgagee shall be absolute at law, this Court says that the failure in payment at the day shall not work a forfeiture, notwithstanding the express words of the contract; and upon the bill of the mortgagee, a further time for payment is appointed; if the money be not then paid, the Court refuses again to interfere, and leaves the parties to their legal rights. The frame of the instruments under which the parties claim, in this case, does not bring them in any respect within the principle that the decree of foreclosure proceeds upon.

The form of the security points out the manner in which the trust is to be worked out, and payment obtained. Notice requiring payment is to be given in a particular manner, and after a certain time, if payment is not made, the Trustee may sell the estate."

In *Reese* v. *Allen*, (5 Gilman, 239,) the deed recited an indebtedness of one thousand dollars, from the grantor to a third party, and that the conveyance was made for the purpose of securing its prompt payment on a particular day, and provided that if the money were paid on the designated day the deed should be void, and the Trustee should reconvey; but if any part of the money at that time remained unpaid, then the Trustee should sell the premises, upon giving notice, at public auction, and execute a conveyance to the purchaser; and the question was presented whether the instrument was a mortgage or a trust deed. The Court held it to be the latter, and that it conveyed the absolute legal title to the Trustee, and said: "We cannot hold this to be a mortgage without saying that the manifest and clearly expressed intention of the parties shall cease to be the rule of construction."

The deed in question not being a mortgage, the provisions of the 260th Section of the Practice Act can have no application.

The judgment upon the demurrer must be reversed, with leave to the defendant to answer the complaint within ten days after the *remittitur* is filed in the Court below.

Ordered accordingly.