[No. 6,853.—Department Two.]

## M. C. BATEMAN ET AL. *v.* E. W. BURR ET AL.

TRUST DEED—MORTGAGE—DEED—SALE.—The plaintiff borrowed a sum of
money from S. L. S., and to secure payment, made a deed conveying real
property to B. and S.; S. L. S. was named as party of the third part in the
deed, and it recited that it was made to secure said indebtedness, and pro-
vided that upon default in payment, and on request of S. L. S., B. and S.
should sell the premises. *Held*, in an action to enjoin B. and S. from selling,
that the instrument conferred a power of sale upon B. and S.

ID.—ID.—ID.—Such instrument is not a mortgage, but is, in fact, a deed of
trust.

APPEAL from an order in the Fifteenth District Court, City
and County of San Francisco. DWINELLE, J.

The Court below made an order refusing to grant an injunc-
tion, and the plaintiffs appealed.

After the decision, the appellants filed a petition that the ap-
peal be reheard in Bank, and the application was denied.

*Mich. Mulany*, for Appellants.

It seems to be now a well-settled rule of law, that any con-
veyance of lands intended by the parties making it to be a se-
curity for the payment of money, for the performance of some
prescribed act, constitutes a mortgage. (*Steel* v. *Steel*, 4 Allen,
415; 1 Washb. on Real Prop. 479; *Lanfair* v. *Lanfair*, 18
Pick. 299.)

Whether a conveyance be a mortgage or not, is determined
by its object. *If given as a security, it is a mortgage, whatever
may be its form.* This is so, whether the condition of defeasance
form a part of the deed, or is evidenced by other writing, or
exists in parol. *The fact of its being given as security deter-
mines its character*, and not the evidence by which the fact is
established. (*Miami Ex. Co.* v. *Bank of U. S.* Wright, 252.)

*A. N. Drown*, for Respondents.

The complaint is evidently framed upon the theory that the
" so-called " deed of trust is a mortgage, and must be foreclosed.
This is no longer an open question. (*Koch* v. *Briggs*, 14 Cal.
256; *Grant* v. *Burr*, 54 id. 298.) These authorities also dis-

pose of the allegation that defendants intend by such sale to deprive plaintiffs, and each of them, of the *right to redeem* said lot of land and improvements.

MORRISON, C. J. :

On the 25th day of August, 1875, the plaintiff Bateman borrowed of the "Savings and Loan Society" the sum of seven thousand dollars, and thereupon made and delivered to said society his promissory note for that amount, payable one year after date, with interest thereon at the rate of five-sixths of one per cent. per month.   On the same day, a certain deed of trust was executed between Bateman, party of the first part, E. W. Burr and J. M. Shotwell, parties of the second part, and the Savings and Loan Society, party of the third part, whereby Bateman granted, bargained, sold, and conveyed to the parties of the second part certain lots of land in the city of San Francisco.   The deed recites that the conveyance is made to secure the payment of the money evidenced by the promissory note referred to above, and contains the provision that " if default shall be made in the payment of said sums of principal or interest when due in the manner stipulated in said promissory note, *  *  *   then it shall be lawful for the said parties of the second part, or the survivors of them, their successors or assigns, on application of the party of the third part, or their assigns, to sell the above-granted premises, or such part thereof as in their discretion they shall find it necessary to sell in order to accomplish the objects of these trusts."   The deed proceeds to set forth the notice which shall be given, how the proceeds of the sale shall be distributed, etc.

This suit was brought for the purpose of enjoining a sale, under the power claimed, by virtue of the provisions of the foregoing deed of trust.   The allegations in the complaint are, that the parties named in the instrument as the parties of the second part were about to sell the property described in the deed, without a decree of foreclosure ; that the instrument was in the nature of a mortgage, and that the amount due " has not been ascertained, determined, or adjudged by any Court or tribunal, and is, therefore, unknown to plaintiffs, and to each of them." The answer sets forth, specifically, the payments made on the

note, and the amount due may be ascertained therefrom by a
simply mathematical calculation. All the equities set forth in
the complaint are denied by the answer, and we are simply
called upon to determine the question, whether, under the terms
of the deed, the parties of the second part (the trustees) can
sell without a decree of foreclosure. The question is not affected
by the fact that the other plaintiff in the case is a subsequent
mortgagee. She has no rights under the mortgage that are not
subordinate to the rights created by the deed of trust.

As has already been remarked, the plaintiffs contend that the
deed of August 25th, 1875, was simply a mortgage; that it
was executed to secure the payment of a debt; that every in-
strument, whatever its form, which is intended simply as secur-
ity for a debt, is a mortgage, and that "a mortgage of real
property shall not be deemed a conveyance, whatever its terms,
so as to enable the owner of the mortgage to recover possession
of the real property without a foreclosure and sale." (Code
Civ. Proc. § 744.) It has been held, and is doubtless the law,
that parol evidence may be introduced for the purpose of showing
that a deed absolute upon its face was intended as a mortgage
—not for the purpose of contradicting the written instrument,
but to establish an equity superior to its terms. (*Pierce* v.
*Robinson*, 13 Cal. 116.) But even a mortgage may contain a
power of sale. Section 2932 of the Civil Code is as follows:
"A power of sale may be conferred by a mortgage upon the
mortgagee or any other person, to be exercised after a breach of
the obligation for which the mortgage is a security." (See
*Cormerais* v. *Genella*, 22 Cal. 124, 125.)

It is unnecessary, however, to pursue this line of reasoning
any further, because the instrument executed by Bateman to
secure the repayment of the money borrowed by him from the
Savings and Loan Society *was not a mortgage*, but was, in fact,
a *deed of trust*. The learned counsel for appellants has argued,
with much zeal and apparent candor, that there is no distinction
in a case like this (where the instrument was simply to secure a
debt) between a mortgage and a deed of trust. But the Su-
preme Court of this State has in several cases recognized a dis-
tinction between mortgages and deeds of trust. In the case of
*Koch* v. *Briggs*, 14 Cal. 257, the precise question was decided,

and the distinction pointed out.   It was there held that § 260 of the Practice Act (§ 744 of the Code of Civil Procedure) had no application to a deed of trust.   The distinction is referred to in *Cormerais* v. *Genella, supra,* and was again pointed out in the recent case of *Grant* v. *Burr et al.* 54 Cal. 298.   Mr. Justice McKinstry, speaking for the Court in that case, says: " The instrument annexed to the complaint, and marked ' Exhibit D,' is a deed of trust, which authorizes the trustees therein named to sell and convey the lands described upon default in the payment of the note or interest, and it is not a mortgage requiring judicial foreclosure.   (*Koch* v. *Briggs,* 14 Cal. 256.) The doctrine of *Koch* v. *Briggs* has never been overthrown by subsequent decisions."

These cases settle the law in this State, and, as we believe, upon solid principles of justice and right.   The deed of trust conveys the legal title.   (Perry on Trusts, §§ 305, 308.)   The contract is, that the party in whom the debtor has seen fit to vest the legal title may, in case default is made by him (the debtor), sell the property and transfer the legal title to the purchaser.   Such is the meaning and intention of the contract, and there is nothing in such a contract to make it invalid, neither is there any reason why its provisions should not be carried out.

The application for an injunction was properly denied, and the order appealed from must be affirmed.   So ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.