[Sac. No. 517.   Department Two.—October 19, 1899.]

P. J. HAZEN, Appellant, v. W. & P. NICHOLLS et al., Respondents.

ACTION TO REDEEM FROM TRUST DEED—PLEADING—INSUFFICIENT CONNECTION OF TITLE. — A complaint in an action to redeem land held under a deed of trust securing indebtedness, which merely avers that the plaintiff is now the owner of the land, upon which a former owner executed the deed of trust, without connecting the plaintiff with the title held by such former owner, or claiming a subsisting interest under him, as distinguished from a hostile interest, does not show any right to redeem, and does not state a cause of action.

ID.—STRANGER TO TITLE NOT A REDEMPTIONER.—A stranger to the title of a mortgagor, or of the grantor of a trust deed, who claims no subsisting interest under him, and does not act by his authority, has no right of redemption, and cannot make a tender of the debt, or otherwise intermeddle in the relations created by the mortgage or deed of trust.

ID.—AMOUNT DUE—UNCERTAINTY IN COMPLAINT.—A complaint averring that the deed of trust was made to secure the payment of a specified sum, "and interest and matters incidental to said

trust," and alleging that no other or different sum than the specified principal sum is, or ever has been, due or payable or chargeable against the land, without disclosing any fact showing why the "interest and matters incidental" are not also due, is demurrable for uncertainty.

APPEAL from a judgment of the Superior Court of Stanislaus County. William O. Minor, Judge.

The facts are stated in the opinion.

P. J. Hazen, for Appellant.

C. W. Eastin, for Respondents.

BRITT, C.—It is in substance alleged in the complaint in this action—which was filed January 30, 1897—that plaintiff is the owner of several tracts of land described; that on July 1, 1893, one Vivian, who was then the owner of said land, executed to certain of the defendants, as trustees, a deed and conveyance thereof as security for the payment by Vivian to the defendants W. & P. Nicholls "of the sum of ten thousand three hundred and seventy dollars and interest and matters incidental to said trust; . . . . that no other or different sum than said ten thousand three hundred and seventy dollars is or ever has been due or payable or chargeable against said land under the terms of said instrument, or otherwise"; that defendants claim that there is due and unpaid on said security the sum of thirteen thousand six hundred and thirteen dollars and seventy-four cents, with interest thereon from December 24, 1896, and have advertised the land for sale under the terms of said trust deed, and intend to sell it to raise that amount; that plaintiff has demanded of defendants an account and statement of their claim, which they have refused; that the land is of the value of twenty thousand dollars; that plaintiff is ready and willing to pay any sum which is legally or equitably a lien on the land, but, by reason of said unfounded claim of defendants, he is prevented from redeeming it by such payment. The prayer is, that defendants be enjoined from further proceeding under such trust deed, that the sum payable thereunder be ascertained, and that plaintiff may redeem the land on payment thereof. Defendants demurred to the complaint on the ground that it states

no cause of action, and for uncertainty in several particulars. The court sustained the demurrer, and judgment passed for defendants.

The plaintiff does not show himself to be entitled to redeem the land from the alleged lien, or to demand an account of the debt of Vivian to W. & P. Nicholls. Although he avers that he is now the owner of the land, yet he in no way connects himself with the title formerly held by Vivian; for anything stated in the pleading, the alleged title of plaintiff may have accrued to him as purchaser at a tax sale, or by other means in hostility to the title of Vivian. A stranger to the title of a mortgagor—one who claims no subsisting interest under him, and who does not act by his authority—has no right to make a tender of the debt or otherwise intermeddle in the relations created by the mortgage. "Nothing is plainer," said Judge Cooley, "than that such a person has no right of redemption." (*Sinclair v. Learned,* 51 Mich. 339.) And so are all the cases. (See Jones on Mortgages, secs. 1055, 1055 a, 1059.) The rule must be the same when the security is in the form of a deed of trust, and for reasons perhaps yet stronger, for the trustee himself holds for security not merely a lien but the legal title of the debtor. (*Bateman v. Burr,* 57 Cal. 480.) Plaintiff having failed to connect himself by his allegations with the rights of Vivian, those rights certainly can afford him no cause of action. The case of *More v. Calkins,* 85 Cal. 177, relied on by plaintiff, affords no support to the pleading here.

The complaint is also uncertain in a material particular; it is first charged that the deed was made to secure payment of the sum of ten thousand three hundred and seventy dollars, "and interest and matters incidental to said trust"; but further it is alleged that "no other or different sum than said ten thousand three hundred and seventy dollars is or ever has been due or payable, or chargeable against said land "—without disclosing any fact to show why if the alleged principal sum is due the said "interest and matters incidental" are not also due. The demurrer was rightly sustained and the judgment should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Henshaw, J., Temple, J., McFarland, J.