[Civ. No. 3641. Third Appellate District.—December 12, 1928.]

OTTO BAYER et al., Appellants, v. MARY HOAGLAND et al., Respondents.

Max Schleimer for Appellants.

O'Melveny, Millikin & Tuller for Respondents.

TUTTLE, J., *pro tem.*—This is an action brought to foreclose a deed of trust. The trial court refused to permit plaintiff to introduce any evidence, upon the ground that the complaint did not state a cause of action. Plaintiff was given an opportunity to amend his complaint, but he did not do so, and judgment was entered for defendant. From this judgment the appeal is taken.

The complaint alleges the execution of a promissory note for $4,000, and a deed of trust for the payment of the same (a copy of each of said instruments is attached to the complaint); that plaintiffs had expended the sum of $27 for insurance upon the premises described in the trust deed, and that the trustees had refused to pay the same, as provided in said trust deed; that the trustors had failed to pay two installments of $38 each, due under the terms of the promissory note in connection with which the trust deed was executed; that that trust deed was intended, and agreed by the parties to be and operate simply as a first lien or a first mortgage upon said premises, and as security for the payment of the debt; that plaintiff had requested the trustee to foreclose said trust deed, in the nature of a first lien or a first mortgage, and to sell said real estate and apply the proceeds thereof in payment of the amount due plaintiffs, and said trustee refused to do so unless it was first paid the sum of $150 on account of its fees and disbursements; that plaintiffs elect that the balance of principal and interest be immediately due and payable. Judgment is prayed that said deed of trust be adjudged to operate simply as a first lien or mortgage and as security for the payment of the debt due plaintiffs; that a commissioner be appointed to sell the premises, and that defendants be foreclosed of all equity of redemption.

A number of points are urged by appellants, but the matter to be decided is whether or not the complaint stated a cause of action. The error must be predicated upon the ruling of the trial court that plaintiffs could not introduce any evidence in support and proof of the allegations of their complaint. This ruling was based upon the ground that the complaint did not state a cause of action.

It is not contended by appellant that the trust deed contains any unusual features or provisions, nor do we find that it does. We shall proceed upon the premise that said instrument is the usual form, to wit, a conveyance, absolute in form, to a trustee, for the purpose of securing a debt, with a power of sale upon default.

There is no doubt that a deed of trust such as the one we have before us may be foreclosed where some special reason exists which will justify a court of equity in exercising its peculiar powers. Instances of this character are where there are accounts to be settled or where the trustee fails or refuses to act or repudiates his trust or is guilty of a breach of trust. (*Curtin* v. *Krohn*, 4 Cal. App. 131 [87 Pac. 243].) The cases of *Smith* v. *Davis*, 90 Cal. 25 [25 Am. St. Rep. 92, 27 Pac. 26], and *Davies* v. *New York Concert Co.*, 41 Hun (N. Y.), 492, are of this character.

It is contended by appellant that the complaint does come within the foregoing rule, in that it is alleged that the trustee refused to sell the property upon his demand to do so. The parties stipulated at the trial that the said demand was oral. The trust deed provides that it shall be in writing. The answer, however, denies that there was any default under the deed of trust. Under such circumstances a demand to sell would have been unavailing, and a demand and refusal would not be a condition precedent to the right of plaintiff to commence the action. (*Cox* v. *Delmas*, 99 Cal. 104 [33 Pac. 836].) While it will thus be seen that the matter of the demand upon the trustee to proceed under the deed of trust becomes immaterial because of the position taken by it in the answer, we are inclined to the view that something more was required to be done by plaintiff before the trustee could be called upon to take any steps toward the sale of the property. The trust deed contains the following provision: "Four: Should a breach or default be made in the performance of any obligation for

which this deed of trust is a security, then the holder or holders of any note or notes or indebtedness mentioned, as secured hereby, may declare all sums secured hereby immediately due and payable, and shall execute and deliver to the trustee, a written declaration of default hereunder and demand for sale, and shall thereafter record, in the office of the Recorder of the County wherein said property, or some part thereof, is situated, a notice of such breach and of election to cause said property to be sold to satisfy said obligations.'' The plaintiffs stipulated in open court that they had recorded no notice of breach and of election to cause the property to be sold, as required by the terms of the trust deed upon which the action was brought, and, further, that they had made merely an oral demand upon the defendant bank, as trustee, and not a written demand, as required by said trust deed.

Section 2924 of the Civil Code provides: ''Where, by a mortgage created after July 27, 1917, of an estate in real property, other than an estate at will or for years, less than two, or in any transfer in trust made after July 27, 1917, of a like estate to secure the performance of an obligation, a power of sale is conferred upon the mortgagee, trustee, or any other person, to be exercised after a breach of the obligation for which such mortgage or transfer is a security, such power shall not be exercised, except where such mortgage or transfer is made pursuant to an order, judgment, or decree of a court of record, or to secure the payment of bonds or other evidences of indebtedness authorized or permitted to be issued by the commissioner of corporations, or is made by a public utility subject to the provisions of the public utilities act until (a) the trustee, mortgagee or beneficiary shall first record, in the office of the recorder of the county wherein the mortgaged or trust property or some part thereof is situated, a notice of such breach and of his election to sell or cause to be sold such property to satisfy the obligation; (b) not less than three months shall thereafter elapse; and (c) the mortgagee, trustee or other person authorized to make the sale shall give notice of the time and place thereof, in the manner and for a time not less than that required by law for sales of real property upon execution.'' The trust deed, as authorized by said section, provides that the holder of the note (i. e., the beneficiary)

shall record the notice mentioned therein.  The complaint is silent upon this point, while the answer sets up the failure of plaintiff to record said notice as a special defense. Until the said notice was recorded by plaintiff, the trustee was not called upon to take any action whatever in reference to the sale of the property under the power.  There is, therefore, no showing that the trustee failed or refused to carry out and perform any duty imposed upon him by the instrument in question.

■ We have before us, then, the bare proposition: Can a beneficiary, under an ordinary deed of trust, upon default on the part of the trustor, proceed in equity to foreclose that instrument in the same manner as though it were a mortgage?  The nature of a deed of trust, and the distinction between it and a mortgage, were pointed out in the early case of *Koch* v. *Briggs,* 14 Cal. 256 [73 Am. Dec. 651], where the court, per Field, C. J., said: "It (the trust deed) has no feature in common with a mortgage, except, that it was executed to secure an indebtedness. . . . Where there is a mortgage, there is a right, after condition broken, to a foreclosure on the part of the mortgagee, and a right of redemption on the part of the mortgagor. . . . These two rights are mutual and reciprocal.  When the one cannot be enforced, the existence of the other is denied, and when either is wanting, the instrument, whatever its resemblance in other respects, is not a mortgage.  In reference to the deed in question, no suit for foreclosure, as in cases of mortgage in England, would lie for there could be no forfeiture of the estate to enforce, and of course no equity as against such forfeiture to foreclose.  Nor would a suit lie for a foreclosure under our system—that is, for a decree adjudging a sale of the premises and the application of the proceeds of the payment of the debt, as such suit could only be based upon the contract of the parties, and the contract here is only that, upon the happening of a certain event, the trustee should sell.  Equity could not adjudge a sale, as in case of a mortgage, without disregarding the express contract of the parties, and making a new and different one."

The foregoing decision has never been questioned in this state.  It has been cited numerous times with approval.  In the case of *Herbert Kraft Co.* v. *Bryan,* 140 Cal. 73 [73 Pac. 745], the reference is as follows: "There are one or two other

questions discussed by counsel which perhaps should be briefly noticed. One of these is as to the difference between a deed of trust and a mortgage. There are cases where the question was whether a certain particular instrument was a trust deed or a mortgage; but the instrument involved in the case at bar is a typical trust deed,—running not to the creditor, but to a third party as trustee,—such as the one passed on in the early case of *Koch* v. *Briggs*, 14 Cal. 256 [73 Am. Dec. 651]. It was held in that case that such a trust deed 'has no feature in common with a mortgage, except that it was executed to secure an indebtedness'; that on such an instrument a suit for a foreclosure and sale will not lie, for the contract of the parties is, that upon default the trustee should sell, and there is no equity of redemption to foreclose. This view of the nature of such a trust deed, and the difference between it and a mortgage, has not been departed from, and its validity as an instrument passing title, and not merely creating a lien as a mortgage to be foreclosed, has been constantly upheld. (See *Savings and Loan Society* v. *Burnett*, 106 Cal. 514 [39 Pac. 922], and the many cases there cited; *Grant* v. *Burr*, 54 Cal. 298.)'' It will be observed that in both of the foregoing cases it is held that foreclosure will not lie upon an ordinary deed of trust. Our appellate court has taken the same view in the case of *Galusha* v. *Meserve*, 58 Cal. App. 174 [208 Pac. 348], where it is stated: ''We are unable to agree with the contention of appellant that the trust deed was a mortgage, under which there could be no sale without foreclosure. The instrument is a typical trust deed, running not to the creditor, but to a third party as trustee. 'It has no feature in common with a mortgage except that it was executed to secure an indebtedness.' On such instrument a suit for foreclosure and sale will not lie, for the contract of the parties is that upon default the trustees shall sell, and there is no equity of redemption to foreclose. (*Koch* v. *Briggs*, 14 Cal. 256, 73 Am. Dec. 651; *Herbert Kraft Co.* v. *Bryan*, 140 Cal. 73, 80 [73 Pac. 745].)'' In the case of *Kinard* v. *Kaelin*, 22 Cal. App. 383 [134 Pac. 370], the court states: ''Finally an attack is made upon the legality of deeds of trust. In this behalf it is urged that the power of sale usually granted in such instruments, and appearing in the deed of trust in controversy here, is voidable and legally

nonavoidable unless preceded by proceedings to foreclose as in the case of an out and out mortgage. In short, it is the plaintiffs' contention that the deed of trust in question must as a matter of law be construed and considered as a mortgage with all of the rights, incidents and obligations thereof. Practically this same point was presented fourteen years ago in the case of *Sacramento Bank* v. *Alcorn*, 121 Cal. 379 [53 Pac. 813], and there finally and definitely decided adversely to the contention made by the plaintiffs here. The decision in that case has never been overruled, modified, or criticised. On the contrary it has since been continuously adhered to, and it stands today as the settled law of this jurisdiction." In the case of *Grant* v. *Burr*, 54 Cal. 298, the court said: "The instrument annexed to the complaint, and marked 'Exhibit D,' is a deed of trust, which authorizes the trustees therein named to sell and convey the lands described, upon default in the payment of the note or interest, and is not a mortgage requiring judicial foreclosure. (*Koch* v. *Briggs*, 14 Cal. 256 [73 Am. Dec. 651].) The doctrine of *Koch* v. *Briggs* has never been overthrown by subsequent decisions."

We do not agree with appellant when he states that the case of *Cormerais* v. *Genella*, 22 Cal. 116, upholds his position. That case held that a mortgage with power of sale could be foreclosed in a court of equity, and that the power of sale is a *cumulative* remedy. ■ The distinction lies in the fact that a mortgage with power of sale does not vest the title in a trustee, while under a trust deed the legal title actually passes to the trustee. (*Powell* v. *Patison*, 100 Cal. 234 [34 Pac. 676], and cases cited, *supra*.) Where a foreclosure is allowed in other jurisdictions, it will be found that a different view relating to the effect of deeds of trust prevails. In many they are construed as mortgages with power to convey, and nothing else, and foreclosure is permitted. The cases relied upon by appellant and arising in other states are all based upon the theory that a deed of trust creates a lien and does not actually pass title. Under those conditions the lien may be foreclosed, the remedy being cumulative. It is true that, in this state a deed of trust has been loosely referred to as, in effect, a mortgage with power to sell. The supreme court has construed this language as follows: "In *Hodgkins* v. *Wright*,

127 Cal. 688 [60 Pac. 431], in speaking of such deeds, and evidently intending to epitomize the above passage from *Sacramento Bank* v. *Alcorn,* to which reference is made, the court says: 'In effect, they are mortgages with power to sell.' The statement that they are in *effect,* or practically, mortgages with power to sell, means only that the practical result of the enforcement of either is the same; that is, the estate held by the mortgagor at the time of the execution of the mortgage, in one case, and that of the trustor at the time of the execution of the deed of trust, in the other case, are by the respective conveyances of the sheriff on the foreclosure sale, and of the trustee or trustee's sale, transferred to the respective purchasers at such sales and that in the meantime the mortgagor and trustor, respectively, have the use and enjoyment of the property. All this is true, and yet the entire estate of the trustor, for the purposes of the trust must during the intervening period be vested as an estate, and not as a lien, in the trustee, otherwise he could not legally convey it in execution of the trust." (*Weber* v. *McCleverty,* 149 Cal. 316 [86 Pac. 706].)

It is earnestly contended by appellant that what was said by the court in the Koch case on the question of the foreclosure of a deed of trust was not necessary to the decision. That is a debatable question. Conceding that such matter was not authoritative, we believe we have shown that the doctrine laid down in said case has been engrafted into our system of jurisprudence so many times by judicial interpretation that it is now a firmly established rule of property. It is, as we believe, a natural outcome of, and corollary to the "title" theory as applied to deeds of trust in this state.

Appellant relies upon the case of *Bell Silver & Copper Min. Co.* v. *First Nat. Bank of Butte,* 156 U. S. 475 [39 L. Ed. 497 [15 Sup. Ct. Rep. 440, see, also, Rose's U. S. Notes]. The opinion in that case is by Justice Field, who also wrote the opinion in the case of *Koch* v. *Briggs, supra.* The former case arose in the territory of Montana. The defendant had executed an instrument purporting to convey title to its properties, to secure the payment of certain bonds. The grantees were certain parties called trustees. It was provided that upon default in performance on the part of the trustor, the trustees should proceed to sell the

property and execute a deed to the purchaser. The bonds were not paid when due, and the trustees sold the properties to plaintiff in the action, who relied upon the deed obtained under said sale, in ejectment. It was contended by defendants that foreclosure proceedings in equity were required under the said instrument, and that the power of sale conferred upon the trustees was void under the statutes of Montana, which declared that a mortage of real property should not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without foreclosure and sale. (This statute is identical with California Code of Civil Procedure, section 744.) Justice Field concluded that: ''There is nothing in the law of mortgages, nor in the law that covers what are sometimes designated as trust deeds in the nature of mortgages, which prevents the conferring by the grantor or mortgagor in such instrument of the power to sell the premises described therein upon default in payment of the debt secured by it, and if the sale is conducted in accordance with the terms of the power the title to the premises granted in that way of security passes to the purchaser upon its consummation by a conveyance. *Grant* v. *Burr*, 54 Cal. 298; *Bateman* v. *Burr*, 57 Cal. 480.'' Throughout the whole opinion the instrument is referred to as a ''mortgage or deed of trust.'' No attempt is made to differentiate the two. The instrument involved is treated in all respects as a mortgage with power of sale. While several quotations are made from the Koch case, they all had to do with defining a mortgage. The definition of the nature of a deed of trust which is found in the California case was not touched upon, but studiously ignored. The ''lien'' theory of a deed of trust was adopted by Justice Field, while in this state we have adhered strictly to the ''title'' theory, with the entire estate of the trustor, for the purposes of the trust, vesting in the trustee, nor does it vest as a lien or encumbrance. (*Weber* v. *McCleverty*, 149 Cal. 316 [86 Pac. 706].) While it is true that in California we are confronted with the anomaly of applying, by statutory enactment, the ''lien'' theory to mortgages, and by judicial construction, the ''grant'' theory to deeds of trust, the two theories have become, and are the settled law of property here, and titles innumerable have been built upon them. The arm of equity is invoked where

mortgages are concerned, to preserve the *lien* of the mortgagee and enforce the same. This is the basis of the jurisdiction in equity, coupled with solicitude for the mortgagor in preserving to him his equity of redemption. As to the deed of trust such as we have here, there is no lien, and equity has no concern and no jurisdiction, in the absence of special or extraordinary features which we have pointed out. This must necessarily follow by reason of the broad construction our courts have placed upon the nature of deeds of trust.

█ Appellant urges that the allegation in the complaint that the deed of trust was intended as a mortgage would give the court jurisdiction to proceed and would come to his aid in stating a cause of action. He points out that a complaint setting up a *deed* with this allegation, states a cause of action, and that the same rule should apply to a *deed of trust*. No authorities are cited. We are unable to agree with this contention. █ In an action to have a deed declared a mortgage, there is an absolute conveyance of title, with no mention made of any indebtedness or security, and consequently, no right reserved in the grantor to a defeasance. In law the grantee is the owner in fee. Equity is appealed to, so that the deed may be proved to be only part of the transaction, and evidence *aliunde* may be introduced to show an agreement that the deed was intended merely by way of security, and that there was a defeasance. Such suits have been brought in this state under the provisions of section 744 of the Code of Civil Procedure. It has been held that said section does not apply to deeds of trust. (*Bateman* v. *Burr*, 57 Cal. 480.) Furthermore, the primary object of such suits is to establish a *defeasance*. In the instant case the copy of the trust deed attached to the complaint preserves, by analogy, the defeasance of the mortgage. █ It provides that upon payment of the indebtedness the trustee shall reconvey the estate granted. This is a condition defeating the title of the grantee. (18 C. J. 457.) Under these circumstances equity will not interpose, as the terms of the instrument in question preclude it from doing so. If the terms of the instrument do not embrace the true agreement made by the parties, through mistake or fraud, a remedy by way of reformation might

be available to appellant. No attempt is made to state such a cause of action.

The judgment is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 11, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1929.

All the Justices concurred.