[Civ. No. 8657. First Appellate District, Division Two.—November 2, 1932.]

OTTO BAYER et al., Appellants, v. MARION BARRETT et al., Defendants; SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent.

306

Max Schleimer for Appellants.

O'Melveny, Tuller & Myers, and Frank S. Balthis, Jr., for Respondent.

NOURSE, P. J.—Plaintiffs sued for an accounting, for an adjudication of the default of the trustors under a certain deed of trust and for a judicial sale of the property covered by the deed. The defaults of the defendants Barrett and Hoagland were entered and the cause was tried on the issues raised by the complaint and by the answer of the defendant Security-First National Bank of Los Angeles. Judgment went against the plaintiffs and in favor of all the defendants, including those whose defaults had been theretofore duly entered. The plaintiffs appeal upon typewritten transcripts.

On February 24, 1924, plaintiffs, as owners, conveyed certain real property to defendants Marion Barrett and Mary Hoagland. The latter gave plaintiffs their promissory note for four thousand ($4,000) dollars, payable in monthly

installments, and secured by a deed of trust in which the Pacific-Southwest Trust and Savings Bank was named as trustee. On September 1, 1925, the purchasers were in default in their monthly payments under the note and also refused to reimburse plaintiffs for fire insurance premiums and taxes advanced by the latter. Plaintiffs orally informed the trustee of the default and demanded a sale under the deed. The trustee refused and plaintiffs commenced an action to foreclose the deed as a mortgage. In that action the plaintiffs were nonsuited because they failed to plead or prove that they had recorded a written notice of default and election to sell, and that judgment was affirmed on appeal. (*Bayer* v. *Hoagland,* 95 Cal. App. 403 [273 Pac. 58].)

On March 18, 1929, plaintiffs executed a written notice of default and election to sell. This notice was recorded on March 19th, and, at that time, a copy of the notice and a written demand to sell was delivered to the original trustee. On April 1, 1929, the defendant Security-First National Bank of Los Angeles, claiming to have succeeded to the right and duties of the trustee, replied to plaintiffs' request to sell, demanding payment in advance by plaintiffs of two hundred and fifty ($250) dollars on account of trustee's fees and disbursements in connection with the sale. The plaintiffs protested this demand of the Security Bank and commenced a new action on August 14, 1929, pleading the facts heretofore stated and praying for an adjudication that the trustors had breached the deed of trust and were in default because of their failure to reimburse plaintiffs in the sums paid for taxes and insurance, and also alleging that the plaintiffs were in doubt whether there existed a trustee who could lawfully sell the real property, because of the consolidation of the original trustee with the National Bank, and asking for a determination of plaintiffs' rights thereunder, and also praying for a money judgment against the trustors, for the quieting of title, and for general relief.

The trial court found as a fact that plaintiffs were entitled to judgment against the trustors as prayed in the complaint and later amended its findings by striking out that portion and awarding plaintiffs judgment against the trustors for costs only. The trial court found that the plaintiffs duly executed and recorded a notice in writing of the default

and of their election to sell under the deed, and that they served a copy thereof upon the trustee, but found that it was not true that they delivered to the trustee ''an unqualified demand to sell''. It was then found that the Security-First National Bank of Los Angeles had succeeded to all the rights and duties of the original trustee; that, when the written demand to sell under the deed was made by plaintiffs' attorney, the trustee ''requested'' the plaintiffs to first deposit with it the sum of $250 on account of its fees and expenses of sale, but its refusal to sell was not conditioned upon plaintiffs' refusal to pay such sum. It then found that the plaintiffs had duly performed ''every one of the terms, covenants and conditions of the deed of trust on their part to be kept and performed''; but that they did not deposit with the trustee ''the sum of two hundred and fifty dollars demanded by it''; that plaintiffs were obligated under the deed to make such deposit, and that the trustee herein had not failed in its duties under the trust in making such demand. Finally, it was found that, though a written demand to sell was made upon the trustee, it was subsequently withdrawn by plaintiffs' attorney, who questioned the right of the Security Bank to act for the original trustee by reason of the consolidation.

The respondents insist that the appeal must be governed by the decision in the former case of *Bayer* v. *Hoagland,* 95 Cal. App. 403 [273 Pac. 58]. In that case it was held that the right to foreclose and to compel a judicial sale under a deed of trust did not lie unless special reasons were pleaded which would justify a court of equity in exercising its peculiar powers. Instances of such special reasons were given, as where there are accounts to be settled or where the trustee fails or refuses to act or breaches or repudiates his trust. The insufficiency of the complaint in the former case, as pointed out in that opinion, was cured by the pleadings in this case; hence the ruling in the former case cannot be taken as the ''law of the case'' upon this appeal. (*Millsap* v. *Balfour,* 158 Cal. 711, 714 [112 Pac. 450].)

The former opinion must, however, be taken as authority for the rule of law, which has become definitely settled, that, under the California law, a beneficiary cannot foreclose an ordinary deed of trust and have a judicial sale

310

in lieu of a trustee's sale in the absence of unusual circumstances justifying special equitable relief.

At this point it is necessary, therefore, to determine whether, upon the facts, this case presents such unusual circumstances as might justify such special equitable relief. That the complaint sufficiently pleads such a case is not denied. But the respondent argues that the evidence fails to meet the test and that there was no need for an accounting because the items were all matters capable of easy proof. This is true, not because of the facility of proof (made so because those defendants from whom an accounting was demanded defaulted), but it is true because there was no showing that any of these items were in dispute. The default of the trustors was merely an admission that the items set forth in the complaint were due and were correct. But these items were known to plaintiffs, hence there was no need for an accounting. (*Kinley* v. *Thelen*, 158 Cal. 175, 183 [110 Pac. 513].)

The trial court found that the appellants failed to make a proper demand for sale as required by the deed of trust. It would seem self-evident that such a demand is necessary before the trustee can be charged with a refusal to act. The deed stipulated that when the holder of the note elected to declare a default he ''shall execute and deliver to the trustee a written declaration of default hereunder and demand for sale'' and thereafter record a notice of default and election to sell. The latter notice was duly recorded and appellants' counsel addressed a letter to the trustee inclosing a copy of that notice and stating: ''I, on behalf of my said clients, hereby demand that you foreclose the said Deed of Trust. If you have any printed blanks or forms which you desire my clients to execute to supplement their demand, or to make such demand, please send them to me by return of mail and I will have them executed.'' The trustee replied, inclosing printed forms to be executed by the beneficiaries, and demanding payment by them of two hundred and fifty ($250) dollars to cover ''costs, fees, charges, and expenses of these trusts, and in addition thereto the trustee's fee for making said sale''. To this letter appellants' counsel replied, asking if the letter meant ''that you demand the $250 to be paid to you immediately in advance?'' The respondent replied that the trust deed pro-

vided that these costs should become due and payable upon receipt of the written declaration of default and demand for sale and that "Of these amounts we ask that a deposit of $250.00 be forwarded to us with the written declaration of default and demand for sale." In this letter, dated April 25, 1929, the respondent informed appellants that it had, during the course of the correspondence, succeeded to the rights and duties of the original trustee through a consolidation of the banking interests. Counsel for the appellants then shifted the correspondence to a discussion of the capacity of respondent to succeed to the trusteeship, arguing that this right did not exist. No further demand to proceed with the sale was made.

The trial court found that the demand to sell was qualified and incomplete and we are satisfied that this finding was sound. The demand was accompanied by a request for printed forms to be executed by the beneficiaries and an assurance that such execution would be made. The forms were sent as requested but were not returned to the trustee and no explanation of the failure to return them executed was made. The trustee was therefore justified in assuming that the letter of appellants' counsel was not intended as a demand and declaration of default but that a formal demand would be made upon it before it would be called on to make the sale.

 The finding that the trustee was entitled to demand payment of its fees and costs from the beneficiaries before it proceeded with the sale is not supported by the evidence. The deed of trust provided that the *trustors* should pay to the trustee or beneficiary all sums due and payable under the trust and that the trustee should apply the proceeds of a sale to the payment of the costs of sale and of all other costs, fees and expenses. It also declared that the trustee's fee for making the sale "shall become due and payable" upon receipt of the demand for sale; but this is nothing more than a declaration as to the time when the fee should become due. It does not in any manner change the express provisions of the deed making this charge an obligation of the trustors to be paid out of the proceeds of the sale.

 But, though the trustee could not legally demand the payment of these fees as a condition precedent to the sale, it was justified in assuming that the demand was either

withdrawn or waived when appellants' counsel took the position that it was not legally competent to execute the trust.

Appellants earnestly argue "that the respondent has not succeeded to the fiduciary capacity of the original trustee, that there was no legally qualified trustee to act and hence, that they could not have a valid sale under the deed." *Worcester* v. *County Nat. Bank*, 279 U. S. 347 [49 Sup. Ct. Rep. 368, 73 L. Ed. 733, 61 A. L. R. 987], is cited to the point. The case is not controlling. The rule of it is that where a state bank is consolidated with a national bank the latter does not succeed to the fiduciary relations of the former where such succession would be contrary to the law of the state in which the consolidation was effected. The McFadden Act (U. S. C. A., title 12, sec. 34a) provides that, when such a consolidation is made, the national bank shall succeed the state bank "as trustee, executor, or in any other fiduciary capacity", but that "No such consolidation shall be in contravention of the law of the state under which such bank is incorporated." In the Worcester case the Supreme Court held that under the law of Massachusetts where the case arose it was necessary for the national bank to petition the proper state court for a substitution as executor, etc., and that a succession to the fiduciary relations of the state bank did not become complete upon the consolidation. Section 31b (5) (b) of the Bank Act of this state (Deering's Gen. Laws, Act 652) provides that when a state bank is consolidated with a national bank, the latter shall *ipso facto* and by operation of law succeed to "court and private trusts, . . . and other relations to any person . . . trustee, principal, or beneficiary of any court or private trust . . . ." Hence, under our statutes, there is no conflict between the McFadden Act and the Bank Act and the succession to the trusteeship became effective upon the consolidation. In accord with these views are *Mercantile Trust Co.* v. *San Joaquin Agr. Corp.*, 89 Cal. App. 558 [265 Pac. 583], and *Estate of Barnett*, 97 Cal. App. 138 [275 Pac. 453].

Because of this succession the respondent was entitled to appear herein and defend for all purposes of the trust, and the failure of the original trustee to appear and defend did not entitle appellants to demand a decree of foreclosure on the theory that the principal party in interest

had defaulted. The consolidation terminated all rights under the trust which had been vested in the original trustee and this trustee could not limit or affect the powers of the substituted trustee by action or nonaction in this proceeding.

None of the other points raised requires consideration because, irrespective of any claimed errors during the trial, the appellants were not entitled to a foreclosure and judicial sale until they had made a valid demand upon the trustee, and having failed to make such demand, they could not be heard in this proceeding.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1932.