[Civ. No. 2624.   Fourth Appellate District.—March 31, 1941.]

SHIRLEY KING, Plaintiff and Respondent, v. FRED J. FINCH et al., Appellants.

A. W. Brunton for Appellants.

Samuel J. Crawford for Respondent.

BARNARD, P. J.—This is an action to foreclose a bond indenture in the form of a trust deed which was given under date of September 5, 1928, for the purpose of securing a loan of $60,000, evidenced by certain notes. All of these notes became due September 5, 1933, and each note recited that it was one of a series of 170 notes secured by this deed of trust.

The notes were sold to various people and none of the notes were paid when due. At the time this action was filed, on September 3, 1937, the plaintiff was the holder of certain of these notes, the principal of which totaled $54,400. He brought this action in his own behalf and for the benefit of all other holders of these notes, making the others defendants by reason of the fact that they had refused to join as plaintiffs. All of the other noteholders defaulted or consented to the judgment with the exception of the defendant Una Hansen. With respect to her, the plaintiff reported to the court that he was unable to locate her and asked the court to protect her interest in any decree that should be entered.

The court found in all respects in favor of the plaintiff, including a finding that the plaintiff was the owner and holder of notes secured by this trust deed which totaled $54,400, and that the remaining $5,600 in notes were owned by four people, one of these being Una Hansen who held notes totalling $1600. A judgment was entered in which it was ordered that the real property described in the trust deed should be sold by a commissioner at public auction; that the proceeds of the sale, up to the full amount due, should be paid to the plaintiff; that he should immediately pay to the other noteholders their proportionate share of the proceeds; and that if any of these noteholders should refuse to accept their share within thirty days the respective amounts should be deposited by the plaintiff with the clerk of the court for the benefit of such parties. The judgment further provided for the entry of a deficiency judgment under certain circumstances, with a corresponding provision for the payment to the other noteholders of their proportionate share of any proceeds from such a deficiency judgment or for the deposit in court of such share for the benefit of any such parties. From this judgment the defendants Finch, who borrowed the original $60,000 and gave the trust deed as security therefor, have appealed.

█ Appellants' main contention is that this action could not be brought or maintained by the respondent since he was merely one of the noteholders. In this connection it is argued that the trust deed provides for a sale by the trustee in case of any default, that any action in court that might be brought is limited by the terms of the trust deed to one brought by the trustee, and that to permit the judgment to stand would impair the obligation of the contract which was executed by the appellants. It rather clearly appears from the evidence that the trustee had refused to take any action for the enforcement of the provisions of this trust deed. Under such circumstances general statutory and equitable provisions and rules would probably be effective to sustain the relief here granted. (*Lincoln* v. *Superior Court,* 2 Cal. (2d) 127 [39 Pac. (2d) 405]; *Curtin* v. *Krohn,* 4 Cal. App. 131 [87 Pac. 243]; *Bayer* v. *Hoagland,* 95 Cal. App. 403 [273 Pac. 58]; *Lowe* v. *Los Angeles Suburban Gas Co.,* 24 Cal. App. 367 [141 Pac. 399].)

Whether or not these provisions and rules are here applicable, the provisions of this trust deed sufficiently authorize the bringing of this action and sustain the judgment in this respect. While other remedies for default are provided in the trust deed, dependent upon the cooperation of the trustee, the trust deed contains provisions which authorize such an action as this and such provisions were a part of the contract entered into by the appellants. Article VII of the trust deed is headed "Concerning the Noteholders".

Section 1 thereof reads, in part, as follows:

"All rights of action on or because of the notes secured hereby, or the interest coupons thereto appertaining, and all rights of action, under this indenture, are hereby expressly declared to be vested exclusively in the Trustee, except only as otherwise provided; and such rights may be enforced by the Trustee without the possession of any of the notes secured or the interest coupons thereto appertaining."

Section 2 thereof provides that no holders of any of these notes shall have the right to institute any suit under or upon the trust deed unless he shall have given to the trustee written notice of his intention to file such suit, unless the holders of at least 25 per cent in amount of the notes secured thereby have afforded the trustee a reasonable opportunity either to

exercise his powers or to institute such an action and the trustee has so failed to do, and unless such holders have offered to furnish the trustee adequate security and indemnity against costs, expenses and liabilities in connection with such an action. It is further provided that "at the option of the trustee" such notification, request and offer of indemnity are to be considered conditions precedent to the filing of a suit, and that any suit shall be maintained "for the equal benefit of all holders of such notes and coupons", with one exception not material here.

The evidence discloses, without conflict, that this respondent held more than 25 per cent of these notes, that he gave the trustee written notice of his intention to file this suit, and that he offered to indemnify the trustee in the respects above noted. The written notice closely followed the language of these provisions of the trust deed. Not only do these steps seem to have been provided for the benefit of the trustee, in view of the option given him, but the trustee here immediately delivered the trust deed to the respondent and wrote him a letter saying that it did not desire to bring suit or ask for the appointment of a receiver. The trustee was given "a reasonable opportunity either to proceed itself to exercise the powers heretofore granted, or to institute such action", as provided for in the trust deed, and by refusing to act as requested and turning the instrument over to the respondent the trustee sufficiently disclosed that it did not desire to itself proceed under any of the alternative remedies provided for in the trust deed. Rather than impairing the obligation of the contract the judgment merely enforced that contract in the manner in which the parties themselves had agreed upon.

The only other point raised is that this judgment could not be lawfully entered since one of the bondholders had not been served and had not appeared, and since other bondholders who were served and who had defaulted had not surrendered their bonds into court at the time the judgment was entered. It may first be observed that the other bondholders are not complaining and their rights were fully protected by the judgment. The appellant is affected, if at all, only on the theory that another action might be brought on some of the notes which were not held by the respondent. A number of reasons appear why this could not occur, and no

great harm to the appellants could result since any share of the proceeds of the sale of this property, which cannot be delivered to the lawful owner of any note upon the taking up of that note, is to be deposited in court where a proportionate benefit would be available to the appellants in any suit that might be filed upon any other note. Moreover, we are not directly concerned with this problem here since the terms of the trust deed expressly provide that any of the noteholders holding at least 25 per cent of the amount of the notes shall have the right to do exactly what was here done, that any suit should be maintained for the equal benefit of all holders of these notes, and that "such rights" might be enforced without the possession of the notes. Under such a contract and in the exercise of its equitable jurisdiction, the court had power to enforce the rights of the respondent, with suitable provisions protecting the rights of any other noteholders, and this the court has done.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.